MONTGOMERY COUNTY FARMERS' MUTUAL INSURANCE COMPANY, Appellee, v. ARMSTEAD MILNER, Appellant.

Mutual Insurance Companies: LIABILITY OF MEMBERS FOR ASSESS-MENTS. A member of a mutual insurance company can not claim exemption from assessment, for payment of losses by the company upon the ground that, under the articles of incorporation, the private property of shareholders is exempt from liability for corporate debts. (1)

SAME: BY-LAWS: POWER TO CHANGE: RIGHTS OF STOCKHOLDER. The by-laws of the plaintiff originally provided that no insurance should be binding, until the amount of property placed upon its books amounted to one hundred thousand dollars. The articles of incorporation provided that the business of the corporation should be conducted by "seven managers," and these were given authority to adopt such rules and by-laws as to them might seem proper. Prior to the issuance of the defendant's policy the by-laws were so changed by the managers that the insurance became binding when the property on its books amounted to fifty thousand dollars, and the defendant in his application agreed to be governed by the by-laws of the association. Held, that the managers were the agents of the several members of the corporation, and the members were bound by the acts of such agents in changing said by-law, even though they had no actual notice of such action. (2)

*Appeal from Montgomery District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, JANUARY 25, 1894.

THE plaintiff, a mutual insurance company upon the assessment plan, brings this action at law to recover of the defendant, as a member of said company, an assessment made upon a policy held by him for two thousand, three hundred dollars; said assessment being to pay a judgment in favor of Thomas Weidman, also

a member, for two thousand and twelve dollars, rendered on account of a loss sustained by him under his policy from the plaintiff. The defendant answered, denying liability upon the following grounds: That the plaintiff's articles of incorporation provide that the private property of its members shall be exempt from corporate debts, wherefore said judgment is not binding on the defendant's private property; that the plaintiff's by-laws provided that no insurance should be binding until the amount of property placed upon its books amounted to one hundred thousand dollars, and that the day on which liability should commence on the first one hundred thousand dollars of risk taken by the company should be determined by the executive committee; that there has never been to exceed seventy thousand dollars of risks taken by the company; that it never had authority to assume any risks so as to bind the defendant; that at the time the defendant took his policy he was apprised that private property was exempt from corporate debts, and that the insurance could not take effect until there was one hundred thousand dollars in risks; and that he accepted his policy upon those conditions. He alleges that the judgment in favor of Weidman is fraudulent and void, for that questions of the validity of Weidman's insurance, for the reasons already stated as a defense herein, were not presented as a defense in that case. The jury being waived, the case was tried to the court, and, upon certain findings of facts and conclusions of law made by the court, judgment was entered in favor of the plaintiff for twelve dollars and eighty-five cents and costs, including one dollar and twenty-eight cents attorney's fee. The defendant appeals.—*Affirmed.*

*F. M. Davis* and *C. E. Richards* for appellant.

No appearance for appellee.

GIVEN, J.—I. The only question for us to determine is whether there is error in the conclusions of law announced by the court as applied to the facts of the case. The court found that the exemption of the private property of the members from corporate debts "does not apply to assessments against the members for losses under policies issued by this company, as such assessment is a debt of the individual stockholder, and not of the company.' This conclusion is unquestionably correct. It is not the company that owes the assessment sought to be recovered but the defendant. It does not make his liability a corporate debt, that the assessment may go to the payment of such a debt.

II. The articles of incorporation provide that "there shall be seven managers to conduct said business." The court found "that, as managers of said company, they were the agents of each person who, by applying for insurance, became a member thereof; and such person was bound by the acts of his agents in changing said by-laws, even though he had no actual notice of such change." In the defendant's application for his policy, he agreed as follows: "I hereby agree to pay all just assessments, and be governed in all cases by the by-laws of the association. In case it becomes necessary to collect assessments by law, I agree to pay a reasonable attorney's fee." By this agreement the defendant bound himself to be governed in all cases by the by-laws of the association. The articles of incorporation authorized the managers to "adopt such rules and by-laws as to them may seem proper." In pursuance of this authority, they did, on May 15, 1886, which was prior to the issuing of defendant's policy, amend the by-laws so as to provide as follows: "No insurance shall be binding until the amount of property placed on the books of the company amounts to

fifty thousand dollars." They directed, "as that amount was on hand in signed applications, the secretary was instructed to issue policies on all signed applications." In view of these provisions, and the agreement of the defendant, and the nature and character of the organization of the company; the conclusion of the court as stated is certainly correct. The further conclusion of law that only one half of one per cent. on the amount of the defendant's policy could be recovered during any one year is in exact accordance with the articles of incorporation.

III. There was certainly no fraud in the company's not making the defenses here set up against the claim of Weidman. His policy was issued upon the same kind of application as the defendant's, and his contract of insurance was in all respects the same. We think the defenses are not available to this defendant, and certainly would not have been available to the company as against the claim of Weidman.

The questions we have considered are discussed under several heads, and in various phrases, by the appellant; but the law of the case is fully embraced in the four conclusions announced by the lower court, and these conclusions, we think, as applied to the facts, are without error. The judgment of the district court is therefore AFFIRMED.