FALCONE v. SOCIETA SARTI ITALIANI DI MUTUO SOCCORSO.

(Supreme Court, Appellate Term.  December 28, 1899.) ·

1. MUTUAL BENEFIT ASSOCIATIONS—BY-LAWS—REASONABLENESS.
   A by-law of a mutual benefit association requiring a member entitled to a per diem sick benefit to notify the secretary within 24 hours after his illness began, whereupon the latter would then send the association physician to visit him, and certify as to his illness, and further providing that the doctor's certificate should alone be proof thereof, is not unreasonable, and a member who fails to comply therewith cannot recover a benefit.

2. SAME—NONCOMPLIANCE OF MEMBER—EXCUSE.
   Failure of a member of a benefit association to comply with its by-laws, requiring him to notify the secretary of his illness, is not excused by showing that he was incapacitated from so doing by a sudden illness, where, long before he recovered from the illness for which he seeks to recover a per diem benefit, he was able to, but did not, notify the secretary.

3. SAME—MEMBER—ESTOPPEL.
   One who, as a charter member of an association, either participated in the adoption of a by-law or assented to it when he joined the society, and who thereafter recognized it by acting thereon, is estopped to question its reasonableness.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Pasquale Falcone against Societa Sarti Italiani di Mutuo Soccorso to recover sick benefits.  From a judgment in favor of plaintiff, defendant appeals.  Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

John Palmieri, for appellant.

Achille J. Oishei, for respondent.

MacLEAN, J.  Of what sort was the defendant association nowhere clearly appears.  The plaintiff says that he was a member of it from its foundation, and that under the by-laws he was to get a "sick benefit" of a dollar a day while sick, and that he was sick

10 days. Among the by-laws there was also one which the plaintiff translated to the effect that:

"Whenever a sick member shall not have faith in the doctor of the society, he can procure for himself any doctor he desires, but at his own expense. But if he wants to receive sick benefit he will have to notify, within twenty-four hours, the corresponding secretary, who can immediately notify the doctor of the society, who will then visit the sick member within eight hours, and, if he find that the member is sick, he will leave with him a memorandum, and the association will not recognize any other certificate but that of the society. It would be useless for any member who has been sick to try to prove his sickness through the certificate of another doctor than that of the society, as the committee will not recognize the same."

With this by-law the plaintiff neither complied nor attempted to comply, because, as he says, his illness was rush of blood to the head, and he could not. at 4 o'clock in the morning, go and notify the society, and because, as his counsel says, the by-law is unreasonable, and therefore not obligatory. Neither of these excuses may prevail. It is nowhere suggested that the plaintiff's inability to give notice lasted for the whole of the first 24 hours; much less for any one of the remaining 9 days. The by-law does not appear to be an unreasonable precaution for the protection of the society. Moreover, the plaintiff can hardly be heard to say that the by-law is unreasonable, for, as a member from the foundation, he must have taken part in the adoption of the by-law originally, or have given to it his assent upon joining the society at its outset, and because, too, he had recognized it himself by sending the prescribed notification when sick on a former occasion. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.