FARMERS' MUTUAL INSURANCE COMPANY V. SAMUEL A.
KINNEY.

FILED MAY 21, 1902. No. 11,362.

Commissioner's opinion, Department No. 2.

1. **Mutual Insurance Company:** WHAT CONSTITUTES THE CONTRACT.
When a mutual insurance company is organized under the pro-
visions of the laws of this state, the provisions of the statute
authorizing its organization, the articles of incorporation, and
by-laws of the company, the application for membership and
the certificate of membership constitute the contract between
the company and its policy-holder.

2. ———: ———: SUBSEQUENTLY ENACTED BY-LAWS. When a member
of a mutual insurance company agrees in his application to be
governed by the by-laws and rules "now in force or hereafter
adopted by said company," he will be bound by subsequently
enacted by-laws of his company the same as he is by those in
force at the time his certificate of membership is issued; pro-
vided that such subsequent by-laws are reasonable in their na-
ture, and properly adopted in conformity with the authority
conferred by the statute upon such company.

3. **Reasonable By-Law.** A by-law of a mutual insurance company,
which provides that the company shall not be liable for any
loss that may occur while a member is in default of the payment
of a legal assessment, is a reasonable by-law, and will be upheld.

4. **Policy:** PARTIAL DESTRUCTION: RECEIPT OF SUBSEQUENT ASSESS-
MENT: WAIVER OF DEFAULT. Where all the property covered
by a policy of a mutual fire insurance company is not destroyed,
the receipt of subsequent assessments by the company, from
a member who has sustained a loss while his policy was sus-
pended for default in the payment of assessments, will not
operate as a waiver of such default.

ERROR from the district court for Gage county. Tried
below before STULL, J. *Reversed.*

*Edwin M. Coffin, Ernest O. Kretsinger* and *Elliott J.
Clements,* for plaintiff in error.

*A. D. McCandless* and *Jefferson H. Broady, contra.*

OLDHAM, C.

This was an action on a fire insurance policy for dam-
ages for the alleged loss by fire of a dwelling-house and its

contents on the 3d day of November, 1898. The issuing
and delivering of the policy by the defendant insurance
company was admitted in the answer, but liability for the
loss was denied on the ground that an assessment of $5.63
was made on plaintiff's policy by the company on the 1st
day of September, 1898, due notice of which was given to
plaintiff, and that the same was unpaid at the time the
fire occurred, and that on the 31st day of October, 1898,
under the by-laws adopted by the company, the policy of
plaintiff had lapsed in consequence of his failure to pay
his September assessment. Plaintiff admitted that his
September assessment had not been paid until after the
fire, but claimed that the assessment had been made with-
out authority, and that the by-law of the company, under
which his policy would lapse for non-payment of an assess-
ment, if in force at all, was adopted after his policy had
been issued, and that he was, therefore, not bound by it.
He also contended that the acceptance by the company of
subsequent assessments on his policy operated as a waiver
of his delinquency. He also claimed that he had tendered
the full amount of the assessment to the officers of the
defendant company before the fire occurred and before his
policy became inoperative, and because of their negligence
in not receiving the assessment when tendered the forfeit-
ure, if any, had been occasioned. The court below sus-
tained the contention of plaintiff, excluded the evidence
offered by the defendant company of the passage of the
by-law under which the policy was suspended for the non-
payment of the assessment, and directed a verdict for
plaintiff, and defendant brings error to this court.

There is no disputed question of fact in the testimony,
except as to whether or not the plaintiff had tendered the
amount of the September assessment on his policy to the
officers of the defendant company prior to the fire, and
before his policy had lapsed under the provisions of the
by-law on which the company relied. But this conflicting
testimony can only become material in case the defendant
insurance company has the right to excuse itself from lia-

bility under the provisions of a by-law passed after plaintiff's application had been received and approved and his policy issued, for there is no dispute about the fact that the by-law was adopted by the company in January, 1896, and that plaintiff's policy was issued in May, 1895. Defendant is a mutual insurance company organized under the provisions of chapter 33 of the Session Laws of Nebraska of the year 1891, the same being chapter 43 of Compiled Statutes of 1897. This statute, together with the articles of incorporation and the by-laws of defendant company, and the written application made by the plaintiff, and the certificate of membership issued to him, constitute the contract between plaintiff and defendant. *National Masonic Accident Ass'n v. Burr*, 44 Nebr., 256, 62 N. W. Rep., 466; Bacon, Mutual Benefit Societies and Life Insurance, 181; *Holland v. Supreme Council*, 25 Atl. Rep. [N. J.], 367; *Ebert v. Mutual Reserve Fund Life Ass'n*, 83 N. W. Rep. [Minn.], 506; *Hughes v. Wisconsin Odd Fellows' Mutual Life Ins. Co.*, 73 N. W. Rep. [Wis.], 1015.

Plaintiff's application for membership in the defendant company contained, among other things, the following agreement: "I hereby agree to be governed by the articles of incorporation, by-laws and rules now in force or hereafter adopted by said company, and also to pay all assessments made on me in accordance with the rules and by-laws of said company." This same provision is incorporated in and made a part of the policy on which this cause of action was based. The question then, arises, as to whether plaintiff, in view of this provision in his application and certificate of membership, is bound by by-laws, reasonable in their nature, and properly adopted under an authority conferred by the statute under which the company is organized, after he becomes a member of the association. An examination of many adjudged cases on this question leaves no doubt in our mind that under a great weight of authority a member of a mutual insurance company, who agrees in his application to be bound by sub-

sequent by-laws of his association, will, when such subsequent by-laws are reasonable, and enacted under properly delegated authority, be bound by those subsequently enacted in the same manner that he is bound by those in existence at the time his certificate of membership is issued. In *Hobbs v. Iowa Mutual Benefit Ass'n,* 47 N. W. Rep. [Ia.], 983, 984, it is said: "The members of a mutual insurance company are presumed to have knowledge of the articles of incorporation and by-laws of the company. *Walsh v. Ins. Co.,* 30 Ia., 144, 6 Am. Rep., 664; *Simeral v. Ins. Co.,* 18 Ia., 322. But it does not follow that they will be bound by all those adopted after their contracts of membership are made. Whether they will be or not will depend upon the terms of their contract. If that provide that members shall be bound by all articles and by-laws which may at any time be adopted, we know of no reason why it is not valid. In such cases, changes made are not in violation of the contract, but are in harmony with it." This doctrine is supported by the holdings in *Borgards v. Farmers' Mutual Ins. Co.,* 44 N. W. Rep. [Mich.], 856; *Hughes v. Wisconsin Odd Fellows' Mutual Life Ins. Co., supra; Stohr v. San Francisco Musical Fund Society,* 82 Cal., 557, 22 Pac. Rep., 1125; *Supreme Commandery v. Ainsworth,* 71 Ala., 436, 443; *Korn v. Mutual Assurance Society,* 6 Cranch [U. S.], 192. See, also, 1 Bacon, Mutual Benefit Societies & Life Insurance, sec. 91*a,* and Niblack, Accident Insurance and Benefit Societies, sec. 60.

The next question to consider is as to whether the by-law offered in evidence by the defendant company and excluded by the court was a reasonable by-law, properly adopted under the authority conferred by statute. The by-law which was adopted by the annual meeting in 1896 was an amendment of article 10, of by-laws in force at the time plaintiff's policy was issued, and added to article 10 the provision that: "The company shall not, however, be liable for any loss the insured has sustained during the time said policy had lapsed by reason of non-payment of assessment." Under the provisions of section 56, chap-

ter 43, Compiled Statutes, mutual fire insurance companies are given the usual powers and made subject to the usual duties of corporations, and are authorized to make such by-laws, not inconsistent with the constitution and this act, as deemed necessary. By-laws providing for the suspension of members of mutual associations during the time of their delinquency in the payment of assessments have been held reasonable by this court in the case of *National Masonic Accident Ass'n v. Burr, supra*, and in *Phenix Ins. Co. v. Bachelder*, 32 Nebr., 490.

The testimony offered by the defendant company tended to show that this by-law was properly adopted at the regular annual meeting of the stockholders of the company held in January, 1896. It would, then, appear that the by-law excluded by the court was a valid by-law, properly adopted, and binding on the plaintiff, and that if the operation of his policy was suspended for a failure to comply with this by-law, defendant should have been permitted to have shown this fact, unless the assessment for which he was in arrears was illegally levied, and without binding effect. The only objection alleged against the assessment was that it was one made at stated intervals. But we see no force in the objection that the assessment was one made at stated intervals, because such assessment at stated intervals is provided for in the by-laws of the company, and is authorized by section 62, chapter 43, Compiled Statutes.

It is finally contended by counsel for plaintiff that, even if the by-law on which the insurance company grounded its defense is valid and binding on plaintiff, still the exclusion of this by-law by the trial court was at most error without prejudice, in view of the fact that the insurance company had waived the forfeiture by accepting assessments from plaintiff subsequent to the fire. The evidence in the case discloses the fact that the plaintiff had much other valuable property remaining after the fire, which is still covered by his policy of insurance. In this case the evidence shows clearly that the secretary

of the defendant company notified plaintiff that his payment of subsequent insurance would not revive his policy on the property burned, but that it would revive it on the other property, so that there was nothing in its conduct that could have led the plaintiff to believe that the defendant company intended to waive his forfeiture by receipts of subsequent instalments on his policy. The facts in this case place it clearly within the rule announced in *National Masonic Accident Ass'n v. Burr, supra,* and clearly distinguish it from the rule announced in the recent case of *Johnston v. Phelps County Farmers' Mutual Ins. Co.,* 63 Nebr., 21.

We are therefore of the opinion that the learned trial court erred in excluding the record of the adoption of the by-law offered by the defendant company in the court below. We also think that the conflicting evidence as to whether the plaintiff had tendered the amount of his September assessment to the officers of the defendant company before the fire occurred, and as to whether plaintiff's delay in paying the assessment was occasioned by the request of defendant's officers that he wait until some agreed changes had been made in the policy because of a former loss by fire of some of the property insured, presented disputed questions of fact which should have been submitted to the jury under proper instructions.

We therefore recommend that the judgment of the district court be reversed, and the cause remanded for further proceedings.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and this cause is remanded for further proceedings according to law.

REVERSED AND REMANDED.

NOTE.—The by-laws of a mutual insurance company, are a part of the contract of insurance. *Evans v. TriMountain Mutual Fire Ins. Co.,* 9 Allen [Mass.], 329; *Hale v. Mechanics' Mutual Ins. Co.,* 6

Gray [Mass.], 169; *Brewer v. Chelsea Mutual Fire Ins. Co.*, 14 Gray [Mass.], 203; *Baxter v. Chelsea Mutual Fire Ins. Co.*, 1 Allen [Mass.], 294.

"A proviso [of an insurance policy] in print too fine to be read by a person of middle age without spectacles, can not be considered a part of the contract." *Barnes v. McMurtry*, 29 Nebr., 178, 185.—RE-PORTER.