THOMAS L. HALL v. WESTERN TRAVELERS ACCIDENT
ASSOCIATION.

FILED JULY 3, 1903.   No. 13,145.

1. **Beneficial Insurance Company:** AMENDMENT TO CONSTITUTION. A
member of a mutual insurance company, who accepts member-
ship subject to such provisions of the constitution as are then in
force or may be thereafter adopted, is bound by a reasonable
amendment to the constitution subsequently adopted.

2. ———: ———. Such companies are self-governing bodies, and
courts will interfere in case of amendments to their constitution
only when the amendment is unfair, operates oppressively or to
the disturbance of vested rights; amendments which do not thus
operate are not unreasonable.

3. **Reasonable Amendment.** On the facts stated, *held*, that the amend-
ment was reasonable and binding on the assured.

ERROR to the district court for Douglas county: WIL-
LARD W. SLABAUGH, DISTRICT JUDGE.. *Affirmed.*

*Thomas L. Hall,* for plaintiff in error.

*Harry E. O'Neill* and *W. O. Gilbert, contra.*

ALBERT, C.

The defendant is a body corporate, organized under the
laws of this state, for the purpose of creating and main-
taining "a mutual fraternal insurance association, for the
benefit of those who become its members." On the 28th
day of February, 1894, one William R. Parks became a
member of the association and received a certificate of
membership, which, omitting the formal parts, is as fol-
lows:

"This certifies that William R. Parks is while in good
standing a member of the Western Travelers' Accident As-
sociation, and is entitled to all its benefits under the pro-
visions on the back of this certificate, and named in the

constitution and by-laws, and subject to the warranties,. contained in the application for membership."

The provisions on the back of the certificate are:

"Payments will be made: For injuries received through external, violent and accidental means and resulting in death, loss of hands, both feet or both eyes, $5,000; permanent bodily disability, $2,500; loss of one foot, one hand or one eye, $1,250; temporary bodily disability, $25 per week, for a period not to exceed fifty-two weeks."

On the back of the certificate there is also a clause making the constitution and by-laws of the association, the application for membership and the certificate the contract between the association and the certificate holder. In his application for membership, the assured expressly agreed to accept membership "subject to the provisions and limitations of the constitution and by-laws of the association, now in force or that may be hereafter adopted." At the date of the. certificate, the constitution expressly provided for its revision and amendment. Afterward, the association duly adopted the following amendment to its constitution:

"The association shall not be liable for disappearances nor shall the association be liable for injuries occasioned, wholly or partly, directly or indirectly, by any of the following acts, or causes, occurring while so engaged or affected: Disease, bodily and mental infirmity, hernia, orchitis, fits, vertigo."

On the 28th day of December, 1901, and after the adoption of said amendment, the assured, in a fit of vertigo, fell, and through the external, violent and accidental means, received bodily injuries which, independently of all other causes, wholly disabled him for a period of one week. He then made claim for indemnity under his certificate, and duly complied with the rules and regulations of the association in that behalf. Thereafter, he assigned his claim for indemnity to the plaintiff in this case. The association refused to pay the claim, and the plaintiff brought this action to recover it. The case was submitted to the district

court on a stipulation of the parties, and judgment given for the defendant.   The plaintiff prosecutes error to this court.

By agreement of the parties, the sole question presented to this court is: whether the amendment to the constitution excepting injuries received as a result of vertigo from the class for which the association would pay indemnity, is binding on a certificate holder whose certificate was issued before such amendment was adopted, but whose injury occurred thereafter.   That a member of a mutual insurance company, who accepts membership subject to such provisions of the constitution as are then in force or may be thereafter adopted, is bound by a reasonable amendment to the constitution, subsequently adopted, is no longer an open question in this state.   In *Farmers Mutual Ins. Co. v. Kinney,* 64 Neb. 808, this court, speaking through OLDHAM, C., say:

"An examination of many adjudged cases on this question leaves no doubt in our mind that under a great weight of authority a member of a mutual insurance company, who agrees in his application to be bound by subsequent by-laws of his association, will, when such subsequent by-laws are reasonable, and enacted under properly delegated authority, be bound by those subsequently enacted in the same manner that he is bound by those in existence at the time his certificate of membership is issued."

The following authorities support the doctrine just stated:   *Hobbs v. Iowa Mutual Benefit Ass'n,* 82 Ia. 107, 47 N. W. 983; *Borgards v. Farmers Mutual Ins. Co.,* 79 Mich. 440, 44 N. W. 856; *Hughes v. Wisconsin Odd Fellows Mutual Life Ins. Co.,* 98 Wis. 292, 73 N. W. 1015; *Stohr v. San Francisco Musical Fund Society,* 82 Cal. 557, 22 Pac. 1125; *Supreme Commandery of the Knights of the Golden Rule v. Ainsworth,* 71 Ala. 443, 46 Am. Rep. 332; *Ellerbe v. Faust,* 119 Mo. 653, 25 S. W. 390; *Daughtry v. Knights of Pythias,* 48 La. Ann. 1203; *Fugure v. Mutual Society of St. Joseph,* 46 Vt. 362; *McCabe v. Father Mathew Total Abstinence Benefit Society,* 24 Hun (N. Y.),

149; *Supreme Lodge, Knights of Pythias v. Knight,* 117 Ind. 489; *Montgomery County Farmers Mutual Ins. Co. v. Milner,* 90 Ia. 685, 57 N. W. 612; *St. Mary's Beneficial Society v. Burford,* 70 Pa. St. 321; *Moerschbaccher v. Supreme Council of the Royal League,* 118 Ill. 9; *Robinson v. Templar Lodge, No. 17, I. O. O. F.,* 117 Cal. 370, 49 Pac. 170; *Falcone v. Societa Sarti Italiani Di Mutuo Soccorso,* 30 Misc. (N. Y.) 106, 61 N. Y. Supp. 873.

In view of the holding of this court in *Farmers Mutual Insurance Co. v. Kinney, supra,* it would seem that the only question left in this case is, whether the amendment in question, excepting injuries received as a result of vertigo from the class of injuries against which the association would indemnify its members, is reasonable.

In the determination of that question, the nature of the association should be kept in mind. It is not maintained for the purpose of profit to itself as a legal entity, but for the benefit of its members, in order to distribute the burden of individual misfortunes of a specified class among the entire membership; mutuality is its controlling feature. It is obvious, therefore, that for a benefit bestowed on one member, there must be a corresponding burden imposed on the other members collectively, and that a proper adjustment of the benefits to the burdens is essential to its existence as a mutual organization. The constitution is the fundamental compact between the members, and usually, as in the present instance, outlines the plan for the distribution of the benefits and adjustment of the burdens among them. Unerring foresight is not the gift of any man or body of men, and experience alone can demonstrate whether the plan authorized by a constitution is the best or even practicable. The welfare of the association, if not its existence, may demand a change in the constitution and a readjustment of the relations between the benefits and burdens. The association is a self-governing body, and it is for its members to determine when such change is required or advisable. The courts will interfere only when such change is unfair or operates oppressively, or to the disturb-

ance of vested rights; when it does not do that, it is reasonable within the meaning of the term as used by this court. In this case the amendment operated not only to deprive each member of the benefits to which he would be entitled in case of an accident resulting from vertigo but also relieved each member from the corresponding burden. It operated alike on each member and gave no advantage to one over another. Such an amendment can not be said to be unfair, nor oppresive, nor to deprive any member, whose injury, as in the present case, occurred after the adoption of the amendment, of any vested right. That being true, the amendment was a reasonable exercise of the right of the association to amend its constitution, and having expressly reserved that right when it issued the certificate, the assured and his assignee are bound by the amendment. Most of the cases heretofore cited support this conclusion; none of them conflict with it.

It is recommended that the judgment of the district court be affirmed.

BARNES and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.