Whitney v. Farmers Cooperative Grain Co.

---

Ross Whitney, Appellee, v. Farmers Cooperative Grain Company, Appellant.

Filed April 10, 1923. No. 22326.

1. **Agriculture:** Cooperative Companies: Membership. On account of the mutuality of interest existing between a cooperative grain company and its membership, a member leaves the community and establishes a market place elsewhere when, for any valid reason, he is so located that another market place becomes more accessible to him and he acts honestly in the matter.

2. ——: ——: Repurchase of Stock. A cooperative grain company may make a valid contract to purchase its own shares of stock, unless restrained by its charter, the statute, or by-law, provided it acts in good faith, without intent to injure creditors or stockholders. And especially is this true when the contract of sale and repurchase are inseparable parts of the same instrument.

3. ——: ——: By-Laws. Where a stockholder contracts to be bound by existing and future by-laws, a cooperative grain company may adopt any reasonable by-law, for its government, in harmony with its valid existing contracts and legal obligations, and its members will be bound thereby. It may not, however, adopt any by-law abrogating its valid existing contracts with its members.

APPEAL from the district court for Sarpy county: James T. Begley, Judge. *Affirmed.*

*E. S. Nickerson,* for appellant.

*I. J. Dunn, contra.*

Heard before Morrissey, C. J., Aldrich and Day, JJ., Begley and Button, District Judges.

Button, District Judge.

Ross Whitney brought this action in the district court for Sarpy county, Nebraska, to recover from the appellant $1,000 which he paid to said company for ten shares of

capital stock. Appellee claims he contracted with said company that, if he moved from the community and established his market place elsewhere, the company would refund his money to him. Appellee moved from the place where he lived when he purchased the stock, about one and one-half miles from Springfield, Nebraska, to a place about three and one-half miles from Springfield. Appellee claims that between his new home and Springfield there were several hills, which made it necessary for him to change his market place to Richfield, Nebraska, a town about three and one-half miles from his home. Thereupon appellee demanded a return of his money, and appellant refused to return the money, and this action was instituted.

Appellant claims appellee did not move from the community and establish another market place, and, further, that the by-law, which appellee claims was shown him, has been repealed, and that appellee contracted that he would abide by any change or modification in the by-laws after the date of purchase. A jury was waived and the case tried to the court. The court found for appellee and rendered judgment against appellant for a return of the money. To reverse this judgment, appellant has appealed to this court.

The by-law involved reads as follows: "Any shareholder selling out and leaving the community, thereby establishing his market place elsewhere, may, upon ninety days' notice to the board of directors, receive back from the company the cash he paid to the company for shares of capital stock."

Mutuality of interest is the cardinal principle upon which this organization rests. This company sought a membership which would not only purchase stock but would also patronize the concern, selling their produce to the company and buying what the company had to sell. The company did not care to sell stock and pay dividends to people who could not patronize it. And no one would wish to buy stock who could not

share the benefits growing out of membership in the concern. Out of this mutuality of interest was evolved this by-law. Community, as here used, means so much of the territory lying around Springfield as can and will make it a market center. Appellee moved to a community having Richfield as a market place. Richfield was as far away as Springfield from appellee; but it was more accessible because of hills on the Springfield road. The evidence seems conclusive on this question. We are of the opinion appellee moved out of the Springfield community as a marketing place.

Appellee signed a written contract, called a prospectus, with the company. This contract contained certain suggestions, and No. 6 thereof reads as follows: "Pay back to any shareholder leaving the territory the cash he invested." Acting upon this suggestion the by-law above quoted was prepared. The evidence is conflicting as to whether this by-law was adopted before or after appellee signed the contract. Probably before, for appellee says he refused to sign until this by-law was read to him. But whether the by-law was ever adopted, or if adopted when, or whether ever changed, all seem to depend upon conflicting evidence, and we believe the conclusions of the trial court on these questions are right. The only reasonable construction of this written contract is that appellant agreed to return to appellee the cash he invested if he removed from the territory using Springfield as a market for farm produce.

The weight of authority seems to be that a corporation may purchase its own shares of stock, unless restrained by its charter, or by statute, or by-law, provided the purchase is made in good faith without intent to injure creditors or stockholders. And especially is this true where the contract of sale and repurchase are inseparable parts of the same instrument. *Fremont Carriage Mfg. Co. v. Thomsen*, 65 Neb. 370; *Schulte v. Boulevard Gardens Land Co.*, 164 Cal. 464, 44 L. R. A. n. s. 156; *Adam v. New England Investment Co.*, 33 R. I. 193.

. Appellant urges that appellee agreed in the contract that he would be bound by future modifications and changes in the by-laws; and claims the by-law providing for refunding money paid for capital stock, where a stockholder moves into another community, had been repealed. The logical answer to this argument is that the evidence is conflicting as to whether or not this by-law has ever been changed. This being true, the finding of the trial court will not be disturbed. And what is more, there is no claim that any by-law has ever been adopted prohibiting the company from purchasing its stock. All that is claimed is that the by-law providing for refunding money to a stockholder, moving out of the community, has been repealed.

But aside from this, we do not understand that the company could abrogate its contract by a by-law. Where a stockholder agrees to abide by existing and future by-laws, there is no question but he is bound by reasonable by-laws, adopted after he becomes a member, regulating the objects and purposes of the mutual society and in harmony with its contracts and legal obligations. *Farmers Mutual Ins. Co. v. Kinney*, 64 Neb. 808; *Hall v. Western Travelers Accident Ass'n*, 69 Neb. 603.

The judgment of the lower court is right, and is

AFFIRMED.