[Civ. No. 7093. Second Appellate District, Division Two.—April 25, 1932.]

J. H. JESTER, Appellant, v. KOHLER & CHASE (a Corporation) et al., Respondents.

Elbert E. Hensley and Wm. B. Barton for Appellant.

G. C. Ringole and Jones, Hoyt & Rifkind for Respondents.

THOMPSON (IRA F.), J. — The present action was brought to recover on an attachment bond and damages for a wrongful and malicious attachment. The complaint set forth that the corporate defendant Kohler & Chase, on April 18, 1929, commenced an action in the Justice's Court of the City and County of San Francisco, and secured a writ of attachment to be issued and directed to the defendant sheriff, directing him to attach and safely keep the property of the plaintiff here, who was the defendant in that action. Kohler & Chase signed the bond as principal and the other defendant, Hartford Accident & Indemnity Co., signed it as surety. Pursuant to the writ there issued, William I. Traeger, as sheriff, levied upon plaintiff's automobile and kept it until June 17, 1929. It is averred that subsequently a motion to quash service of summons was granted and the action was dismissed. It is also alleged in one count that plaintiff was .deprived of the use of his automobile to his damage in the sum of $530 and in the other count that the plaintiff in the former action acted maliciously and without probable cause and that plaintiff in the present case has suffered damage by the impairment,

of his credit and by humiliation to the extent of $5,000. The prayer of the complaint by plaintiff asked for a judgment against the two corporate defendants in the sum of $180, that being the amount of the attachment bond, and against Kohler & Chase in the further sum of $7,350. No judgment is asked against William I. Traeger. The defendant Kohler & Chase made a motion for a change of place of trial on the ground that at the time the action was commenced and for many years prior thereto it had as a domestic corporation maintained its principal place of business in the city and county of San Francisco and been a resident of that place; and that William I. Traeger was joined as a defendant fraudulently and solely for the purpose of depriving Kohler & Chase of its right to have the action tried in San Francisco. This is an appeal from the order granting the motion.

The appellant's contentions may be disposed of by determining first whether the naming of the sheriff of Los Angeles County as a defendant altered the status of the case, and if not, whether the respondent was entitled to a change of venue.

■ It is to be observed that no judgment is sought against William I. Traeger. A reading of the complaint demonstrates that it states no cause of action against the sheriff, which explains the reason why nothing is asked against him, and also the reason why the affidavit in support of the motion for change of venue averred that he was joined solely for the purpose of depriving the respondent Kohler & Chase of its right to have the action tried in San Francisco. Happily, we are not without authority. In *Garrett* v. *Garrett,* 178 Cal. 131 [172 Pac. 587, 588], a like motion was denied. The court in reversing the order says: "As no cause of action is stated against the codefendants of Garrett, his motion for a change of venue should have been granted. (*Remington Sewing Machine Co.* v. *Cole,* 62 Cal. 311; *Sayward* v. *Houghton,* 82 Cal. 628 [23 Pac. 120]; *McKenzie* v. *Barling,* 101 Cal. 459, 461 [36 Pac. 8].)"

■ It is said in *Vesper* v. *Crane Co.,* 165 Cal. 36 [L. R. A. 1915A, 541, 130 Pac. 876, 878]: "When an attachment is sued out and levied upon the property of a defendant in the action and the plaintiff has failed to maintain his action, two remedies may be open to the attachment

defendant; he may sue upon the undertaking on attachment or maintain an action for malicious attachment.'' It is patent that in the present action the one count is ''upon the undertaking'' and the other for ''malicious attachment''. It is equally clear that had the action been confined to an action upon the bond the venue would have been in the city and county of San Francisco. In the case of *Fitzhugh* v. *University Realty Co.*, 46 Cal. App. 198 [188 Pac. 1023, 1024], which was an action for money had and received after the rescission of a contract, and where a similar motion had been denied, the court said: ''Section 16, article XII, of the Constitution provides that a corporation may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated. The *quasi* contract sued upon here was created by the law at Palo Alto upon the service of the notice of rescission; in the absence of other agreement, it will be assumed that it was to be performed where it was made; the liability arose in Palo Alto, and the principal place of business of the corporation defendant is situated in said place. It would appear, therefore, that there is no authority for the maintenance of this action in the city and county of San Francisco, and that the order must be reversed.''

The question remains: Did the addition of the count for malicious attachment change the right of the defendant? Again the answer is furnished by adjudicated cases. In *Smith* v. *Smith*, 88 Cal. 572 [26 Pac. 356], and in *Brown* v. *Happy Valley Fruit Growers*, 206 Cal. 515 [274 Pac. 977], the Supreme Court had laid down the rule that a plaintiff cannot, by uniting in his complaint a cause of action not properly triable in the county of the defendant's residence, defeat the right of the defendant to a change of venue where the other count ought of right to be transferred.

Order affirmed.

Craig, Acting P. J., and Fricke, J., *pro tem.*, concurred.