[Civ. No. 4859. Third Appellate District.—April 20, 1933.]

HARRY SIMS, Respondent, v. E. P. MAINS et al., Appellants.

William N. Graybiel for Appellants.

W. Coburn Cook for Respondent.

PLUMMER, J.—This is an appeal by the defendants, E. P. Mains and Phoebe S. Mains, from an order denying their motion for change of place of trial. The allegations of the complaint are as follows:

"1. That the plaintiff is the owner and entitled to the possession of that certain personal property consisting of a six-room house situate in the southeast quarter of the northeast quarter of section 8, in township 6 south, range 10 east, M. D. B. & M., in the county of Merced, state of California;

"2. That said personal property is of the value of $900.00;

"3. That the defendants, and each of them, claim some right, title or interest in and to said personal property, and that the claim of said defendants, and each of them, is without right, and that said personal property is in the present possession of said defendants;

"4. That the plaintiff has demanded of the defendants, and each of them, the possession of said personal property, but that the defendants and each of them, wrongfully withhold possession thereof from the plaintiff."

The complaint then prays for possession of the property, or for $900, the value thereof, etc.

The defendants, E. P. Mains and Phoebe S. Mains, Maud B. Graybiel, A. Bethel Colwell and Cora M. Graybiel, appeared by filing a demurrer to the plaintiff's complaint. At the time of the filing of the demurrer, the defendants, E. P. Mains and Phoebe S. Mains, filed a demand for a change of place of trial from the county of Merced to the county of San Diego, stating in the demand that the defendants, E. P.

Mains and Phoebe S. Mains, are both residents of the county of San Diego, and that no one of the defendants stated in the complaint is a resident of the county of Merced.

Accompanying the demurrer and demand, and filed at the same time, was an affidavit of merits, a notice that the defendants, E. P. Mains and Phoebe S. Mains, would, at a day and time named in the motion, move the court for a change of place of trial to the county of San Diego. The affidavit filed by E. P. Mains and Phoebe S. Mains sets forth that the defendants, E. P. Mains and Phoebe S. Mains, are both residents of the city and county of San Diego; that none of the defendants named in the complaint were residents of the county of Merced at the time of the beginning of the action, and were not residents of the county of Merced at the time of filing the affidavit. The affidavit of the defendants, E. P. Mains and Phoebe S. Mains, as to the residence of other defendants is made upon information and belief.

The plaintiff filed an opposing affidavit in which it is set forth that the defendants will claim that said personal property is a part of the real estate upon which it is situate. It also sets forth that affiant is informed and believes that the defendants, E. P. Mains and Phoebe S. Mains, have no information as to the residence of certain defendants named in the action, to wit: Tony Fontana, Lillian F. Fontana and Olive Gordon, and that said defendants were within recent years residents of the county of Merced. It will thus be seen that there is no claim that any of the defendants were, at the time of the commencement of the action, or were, at the time of the filing of the affidavits, residents of the county of Merced. The only denial in the plaintiff's affidavit of any of the facts set forth in the affidavit filed by the defendants, E. P. Mains and Phoebe S. Mains, is as to their information and belief, which, of course, raises no issue as to the facts of the defendants all being nonresidents of the county of Merced.

Upon this hearing the point is made that the demand does not conform to the requirements of section 396 of the Code of Civil Procedure, in that it does not, in express terms, demand that the trial of the action be transferred to the proper county. The demand does set forth that the defendants are both residents of the city and county of San Diego, and demands that the trial of the action, on account

of their residence, be transferred to the county of San Diego. In other words, the facts showing the proper county to be San Diego are set forth instead of the words "proper county". This shows the contention of the respondents to be untenable.

In the case of *Brown* v. *Happy Valley Fruit Growers*, 206 Cal. 515 [274 Pac. 977], the sufficiency of an affidavit on information and belief was before the Supreme Court and it was there held that such an affidavit made in relation to other defendants being nonresidents was sufficient. To the same effect is the holding in the case of *Pacific Coast Automobile Assn.* v. *Ahlf*, 115 Cal. App. 21 [300 Pac. 841].

The respondent also relies upon the case of *Pieper* v. *Centenela Land Co.*, 56 Cal. 173, in which the following language occurs: "Under these circumstances all the defendants should have joined in this motion, and as they did not do so, the motion was properly denied." (Citing authorities.) The opinion in this case shows, however, that the motion for change of the place of trial was based upon two grounds, to wit: Residence of the moving parties, and convenience of witnesses. An examination of the cases which hold that all of the parties appearing must join in a motion for new trial reveals that the question of convenience of witnesses is really the turning-point of the decisions. This appears from the opinion in the case of *McSherry* v. *Pennsylvania Consolidated Gold Min. Co.*, 97 Cal. 637 [32 Pac. 711], where it held that when the motion for change of place of trial is based only upon residence it is not necessary that all the defendants in an action should join in a demand for change of venue.

This distinction is also pointed out in the case of *McKenzie* v. *Barling*, 101 Cal. 459–461 [36 Pac. 8]. See, also, *Rathgeb* v. *Tiscornia*, 66 Cal. 96 [4 Pac. 987], in which case, however, the defendants who had been served did join in the motion.

Upon a demand, notice of motion, affidavit of merits and motion for change of venue, the issues involved and the right of the defendants to a change of venue are determined by the condition of the pleadings as they then existed. The affiants cannot inject into the case any additional issue. This rule is set forth in 25 California Jurisprudence, page

907, as follows: "Upon motion for a change of place of trial to the proper county, the right thereto will be determined by the conditions revealed by the pleadings existing at the time the party claiming the right first appears. Thus, the nature of the cause of action, so far as it affects or determines the place of trial, will be ascertained from the complaint alone, and the court will inspect the complaint for the purpose of determining the character of the action and the judgment which may be rendered. The averments of the complaint will be taken as true in considering the motion, and ambiguities will be resolved against the pleader."

Supporting this rule is the language contained in the opinion in the case of *Sheeley* v. *Jones,* 192 Cal. 256 [219 Pac. 744], where it is said: "For the purpose of considering the motion for a change of place of trial, the court is permitted to inspect the complaint for the purpose of determining the character of the action and the judgment which might be rendered thereon." (Citing *McFarland* v. *Martin,* 144 Cal. 771 [78 Pac. 239] ; see, also *Weygandt* v. *Larson,* 130 Cal. App. 304 [19 Pac. (2d) 852].)

No question is made as to the sufficiency of the notice of motion, nor of the sufficiency of the motion, nor of the sufficiency of the demand, nor of affidavit supporting the motion, save as herein stated which, from the authorities set forth herein, are shown to be untenable.

That the action is transitory in its form is the only conclusion that can be reached upon an inspection of the complaint. It is directed only to the recovery of personal property or its value.

It therefore follows that the order of the trial court denying the defendants' motion for a change of place of trial must be reversed. It is so ordered; and the court is hereby directed to grant the plaintiff's motion.

Thompson, J., and Pullen, P. J., concurred.