[Civ. No. 4785.   Third Appellate District.—June 2, 1933.]

KIKU SAITO, Respondent, v. POLICY HOLDERS LIFE INSURANCE ASSOCIATION (a Corporation), Appellant.

Hugh Martin Young, Charles D. Warner and Thomas W. Hughes for Appellant.

Lawrence Edwards and Len H. Honey for Respondent.

MILLER, J., *pro tem.*—This is an appeal from an order denying appellant's motion for change of place of trial from San Joaquin County, in which the action was filed, to Los Angeles County.

The complaint shows that one Chiuchiro Saito took out a policy of life insurance with appellant corporation; that Kiku Saito was at that time the wife of the insured, and was made the beneficiary in the insurance policy; that the insured subsequently died, that due proof of death was made

by the widow, and, together with a demand for the payment of the amount of insurance provided in the policy, was served on appellant; that appellant refused to pay, and the suit followed.

On its first appearance appellant filed a demurrer and an affidavit of merits, a demand and notice of motion for change of place of trial.

In its affidavit appellant avers that it is, and at the time of the commencement of the action was, a resident of the county of Los Angeles, where its principal place of business was located; that it was and is a corporation; that it issued its policy of insurance to the deceased in Los Angeles County; that the obligation sued on was made, and was and is performable, if at all, in Los Angeles County.

It is contended by appellant that the complaint is silent as to where the insured resided, or where the policy of insurance was executed or was to be performed.

At the time of the hearing of the motion for change of place of trial, the plaintiff was permitted to file a counter-affidavit alleging that the insured was a resident of and actually resided in San Joaquin County at the time the policy of insurance was issued and delivered to and accepted by the insured; that the insured died in San Joaquin County, and that the obligation under the policy of insurance was performed in San Joaquin County.

Appellant urges here the identical question that it has heretofore repeatedly urged in other appeals to this court in other cases presenting a parallel state of facts to those presented in the case here under consideration, namely: That counter-affidavits on behalf of a plaintiff cannot be considered in opposition to defendant's motion for change of place of trial, and that plaintiff is, by law, restricted to a consideration of the facts disclosed in his complaint.

Appellant relies on a number of cases cited in its brief, wherein the only papers considered by the court on motions for change of place of trial were the complaint and defendant's affidavit. In those cases the courts have stated that the motion must be determined from the plaintiff's complaint and the defendant's affidavit. But in none of those cases had there been offered or considered any counter-affidavit, and, hence, they are not in point. Ordinarily, it is sufficient and proper for the pleader in a court of record to set forth

in his complaint his cause of action in ordinary and concise language, and not to plead evidentiary or jurisdictional facts, and if, upon appearance, the defendant seeks to change the place of trial by presenting affidavits alleging that the county wherein the action was commenced was not the proper county for the trial of the action, the plaintiff may meet the motion by filing counter-affidavits to show that the action was properly commenced, as provided in section 16, article XII, of the Constitution of California.

Appellant also contends that the contract of insurance became complete in Los Angeles County. However, the record shows that the contract was made in the county of San Joaquin, and that, by its very terms, it was to become complete only on delivery to, and acceptance by, the insured. (Sec. 1626, Civ. Code.) The acceptance was the last act to be performed that was necessary to make the contract valid, which, the record shows, was in the county of San Joaquin. (Sec. 1626, Civ. Code; *Bank of Yolo* v. *Sperry Flour Co.*, 141 Cal. 314 [74 Pac. 855, 65 L. R. A. 90]; *Jester* v. *Kohler & Chase*, 123 Cal. App. 53 [10 Pac. (2d) 794]; *Ivey* v. *Kern County Land Co.*, 115 Cal. 196 [46 Pac. 926].)

The consideration of counter-affidavits on such a motion was proper, but even if the counter-affidavit was improperly considered, still the proper place for the trial of the action was in the county of San Joaquin. The contents of the counter-affidavit can be entirely disregarded and reference be had solely to the complaint, and still sufficient facts appear to support the order appealed from, for it expressly appears in the complaint that the policy sued on was executed in San Joaquin County, and that the assured's address was at Acamo, California, which is in San Joaquin County, and that the policy of insurance was not to become complete until delivered to and accepted by the insured. It is true that the complaint does not expressly allege that the policy was to be accepted at any particular place, but inasmuch as the address of the insured does appear on the face of the complaint, and there is no provision in the policy of insurance, or in the application therefor, providing any other place as the place at which acceptance should be made, it was manifestly intended that it was to be accepted by the insured at his address. It was not necessary that either the complaint or the counter-affidavit should show that

that each and all of the exceptions provided by section 16, article XII, of the Constitution should exist before the plaintiff would be entitled to commence and try an action in a county other than the county wherein the defendant corporation had its principal place of business. That section of the Constitution provides as follows:

"A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

Hence, if it appears, either from the complaint or from the counter-affidavit, that the contract was made in San Joaquin County, that would be quite as effective as if it should expressly appear therefrom that the contract was to be performed in San Joaquin County, or that the breach of the obligation occurred therein. (Sec. 16, art. XII, Const.; *Trezevant* v. *Strong Co.*, 102 Cal. 47 [36 Pac. 395].)

The case of *Sims* v. *Mains*, 131 Cal. App. 307 [21 Pac. (2d) 447], recently decided, is a case in which a counter-affidavit was used, but the court held that the affidavit, as worded, showed no facts that were different from those disclosed by the complaint, and that the *nature* of the action can only be determined by reference to the complaint. It is not held in the *Sims* v. *Mains* case that the court cannot refer to counter-affidavits to determine the right of the plaintiff to have his case tried in any county wherein he has the right under the Constitution to have it tried. The court there did not decide that the complaint alone could be referred to to determine whether a change of place of trial should or should not be granted. The determination of the character of an action is one thing, and a determination as to whether, under section 16, article XII, of the Constitution, the trial of an action against a corporation should be had in the county where the action was commenced, or in the county of the principal place of business of the defendant corporation, is quite a different matter.

Appellant's contention with reference to plaintiff's right to use counter-affidavits on a motion for change of place of trial of an action has been repeatedly decided adversely to it in a number of cases that have been brought home to it,

particularly in *Masajiro Nakanishi* v. *Policy Holders Life Ins. Assn.,* 129 Cal. App. 747 [19 Pac. (2d) 287]; *Anna Rowe* v. *Policy Holders Life Ins. Assn.,* 131 Cal. App. 339 [21 Pac. (2d) 443]; *Woods* v. *Berry,* 105 Cal. App. 90 [286 Pac. 1073]; *Mills* v. *Dickson,* 129 Cal. App. 728 [19 Pac. (2d) 278].

The order appealed from is affirmed.

Thompson, J., and Pullen, P. J., concurred.