[Civ. No. 12446.   First Dist., Div. Two.   June 28, 1943.]

EAST-WEST DAIRYMEN'S ASSOCIATION (a Non-profit Corporation), Respondent, v. E. R. DIAS, Appellant.

Gregory P. Maushart for Appellant.

T. B. Scott for Respondent.

SPENCE, J.—This is an appeal by defendant Dias from an order denying his motion for change of venue from Stanislaus County to Merced County.

Plaintiff, a non-profit cooperative marketing organization, brought this action seeking to enjoin defendant Dias from disposing of his dairy products to persons other than plaintiff and to recover damages for the alleged failure and refusal by said defendant to continue delivering his dairy products to plaintiff as provided in his "Member's Contract." The verified complaint set forth pertinent portions of the articles of incorporation and by-laws of the association together with the "Member's Contract" signed by defendant Dias. It was alleged that the existing by-laws provided that "Each member agrees to sell and deliver to the Association's plant in Newman, County of Stanislaus, State of California, all the milk and cream produced or controlled by such member . . . ," and that "Each member's obligation so to market all milk and cream produced and controlled by him shall continue in force and effect for a period of ten years," and thereafter until the filing by the member with the secretary of notice of desire to withdraw from the association. The "Member's Contract" was alleged to have been signed by defendant Dias in 1933 and to have read in part as follows: "The undersigned, a member of East-West Dairymen's Association, a corporation, organized and existing under the laws of the State of California, hereby agrees to avail ourselves of the facilities of said corporation, and states that he has read and is familiar with the articles of incorporation and by-laws of said corporation, and hereby ratifies and adopts the same, and in consideration of our membership in said corporation, hereby agrees to be bound by each provision, agreement and contract therein contained, by any changes or amendments thereto, and by the rules and regulations heretofore or to be hereafter adopted by said corporation . . ." It was further alleged "that said Member's Contract has never been terminated or ended and is now in full force and effect and said defendant Dias is now and ever since February 23, 1933 has been a member of said plaintiff corporation."

Defendant Dias filed a demurrer and a notice of motion for change of venue to Merced County. It was stated therein that the motion would be made upon the ground that defendant was and had at all times been a resident of Merced County and that the motion would be made upon "this notice, the papers on file in this case and the affidavit of said defendant, a copy of which affidavit is being served herewith." Said

affidavit contained the usual allegations as to the merits and as to the residence of defendant. A second affidavit was thereafter filed by defendant in which he alleged that the complaint of plaintiff was "untrue" in certain respects. Defendant alleged therein that while he was a member, he received copies of the by-laws which read differently from those set forth in plaintiff's complaint in that said copies did not specify any fixed place for performance by the members. He then alleged that "never at any time while he was a member of said organization was there any provision in any of its by-laws for the delivery of milk or cream at any specific or specified place." This last mentioned allegation was neither a direct allegation that defendant's membership had terminated nor a direct allegation that no such by-law had ever been adopted during the period covered by the "Member's Contract." But giving every possible effect which may be claimed for said allegation, the most that can be said is that it was in conflict with the allegations of plaintiff's verified complaint on the matters to which it related. For the purpose of determining the motion for change of venue, it was the function of the trial court to determine the facts from the conflicting evidence before it.

Defendant contends that the trial court erred in denying his motion for change of venue to the county of his residence. He cites and relies upon section 395 of the Code of Civil Procedure. But that section reads in part: "When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

It seems to be conceded that if defendant's "Member's Contract" had provided in express terms for performance by defendant at Newman in Stanislaus County, the order denying the motion for change of venue from Stanislaus County to Merced County would have been proper. But defendant argues that said contract was silent as to the place of performance and that the county of Merced, being the place where the contract was made, must therefore be "deemed to

be" the county in which it was to be performed. This argument, however, overlooks the fact that the "Member's Contract" did not purport to set forth in detail the agreement of the parties but it incorporated by reference all provisions of the by-laws of the association and all "changes or amendments thereto." ▮ An agreement by a member of a cooperative organization to be bound by its by-laws and subsequent amendments thereto is a valid provision and such member is bound by all reasonable amendments to the by-laws that may be thereafter adopted. (*Whitney* v. *Farmers' Coop. Grain Co.*, 110 Neb. 157 [193 N.W. 103]; *Farmers Mutual Ins. Co.* v. *Kinney*, 64 Neb. 808 [90 N.W. 926]; *Hall* v. *Western Travelers' Acc. Ass'n*, 69 Neb. 601 [96 N.W. 170].)

▮ No claim is made that it was improper to cover the subject of the place of performance in the by-laws nor is it suggested that Newman, the place specified in the by-laws as set forth in plaintiff's complaint, was an unreasonable place to specify for the place of performance. Under these circumstances, we believe it immaterial that the "Member's Contract" did not expressly specify the place of performance for the effect of that contract, under the authorities cited, was to incorporate within its terms all provisions of the then existing by-laws and all reasonable amendments which might be subsequently made thereto. In other words, for the purpose of determining venue in any action brought under said contract, the place of performance was as effectively fixed by the by-laws as though such place had been expressly fixed in the contract itself or by a provision in the contract expressly permitting the other party to fix any reasonable place for performance. It therefore appears that the authorities which dealt with the ordinary cases involving contracts which were silent as to the place for performance are not applicable here.

▮ Defendant further argues that as no counter-affidavit was filed by plaintiff in opposition to the motion for change of venue, the facts stated in defendant's affidavits in support of the motion must be accepted as true. The only authority cited in support of this argument is *O'Brien* v. *O'Brien*, 16 Cal.App. 103 [116 P. 692]. But that case involved the question of the residence of the defendant and it does not appear that any allegation with respect to such residence was contained in the complaint. In the present case, the motion was made on "the papers on file in this case," which papers

included plaintiff's verified complaint. Said complaint contained all the necessary allegations concerning the place of performance to make Stanislaus County a proper county. There could be no purpose in requiring plaintiff to file a counter-affidavit repeating said allegations of the verified complaint as the authorities indicate that such allegations, contained in the verified complaint may be considered in opposition to a motion for change of venue. (*Kiku Saito* v. *Policy Holders L. Ins. Ass'n,* 132 Cal.App. 412 [22 P.2d 724]; *Lakeside Ditch Co.* v. *Packwood Canal Co.,* 50 Cal.App. 296 [195 P. 284]; *State* v. *District Court,* 55 Mont. 330 [176 P. 613].)

The order denying the motion for change of venue is affirmed.

Nourse, P. J., and Dooling, J. pro tem., concurred.