### ELDRIDGE *versus* PREBLE.

A brief statement by the tenant in a real action, alleging non-tenure, and pleaded in connection with the general issue, imparts no advantage, unless it be filed within the time allowed for pleas in abatement.

Judgments of Courts, having competent jurisdiction, are presumed in law to have been rendered upon the appropriate preliminary proceedings.

By the common law, the husband had a life estate in land owned by his wife.

Under the Act of 1844, "to secure to married women their rights of property," that life estate was divested from the husband, in behalf of the wife, only upon condition that she proved the title not to have come to her from the husband after coverture.

The amendatory Act of 1847, and the additional Act of 1848, to secure the property rights of married women, were prospective only in their operation.

The levy of an execution against the husband, upon his life estate in the land of his wife, was not defeated by the Act of 1844, unless the wife prove that "the title did not, in any way, come to her from the husband during coverture."

The introduction of her title deed, from a third person, is not of itself sufficient proof that the land did not come to her, in some way, from the husband during coverture.

ON REPORT from *Nisi Prius*, TENNEY, J. presiding.

WRIT OF ENTRY brought in 1850. The demandant read a deed of the land from the State to herself, made in 1845. At the date of the deed she was the wife of Leonard Eldridge, and has so continued to the present time.

*At the time of the trial,* the tenant filed a plea of general issue, with brief statement that he holds merely as tenant to William A. Preble.

The demandant objected to the plea, on the ground that it was in the nature of a plea in abatement, and should have been filed at an earlier stage of the case, as prescribed for such pleas by the Rules of the Court.

The tenant deduced title in himself, under a levy of the land, as the property of Leonard Eldridge, made in 1846, in virtue of a judgment recovered by the assignee in bankruptcy of one Nickerson. The records pertaining to the levy were objected to, for the alleged reasons, " that there was no evidence that the proceedings in the bankruptcy court were regular ;" and also because Leonard Eldridge had no leviable interest in the land.

A nonsuit or default is to be entered according to the rights of the parties.

*J. H. Hilliard,* for the demandant.

1. By the statute of 1844, chap. 117, § 1, the demandant was authorized to purchase and hold the property for her own and separate use. The proviso to that enactment, requiring her to show that the estate did not come from her husband, was repealed by the Act of 1847, chap. 27, § 1. The case is, therefore, relieved from that proviso, and the deed is sufficient evidence of a title in the demandant, indefeasible by any act of her husband or of his creditors. To this extent, these statutes, in connection with that of 1848, chap. 73, § 1, have modified the principles of the common law. By the Act of 1848, "any married woman, who is seized and possessed of property, real or personal, may commence and prosecute any action at law or equity in her own name."

2. The general issue was pleaded with brief statement. The general issue claims the freehold. Stearns on Real Actions, chap. 4, § 16; 10 N. H. 305; 8 N. H. 477. But the facts, alleged in the brief statement, amount to a special non-tenure. Non-tenure cannot be pleaded in this form. But,

if it can, it was not filed at the required term. Rule of Court, No. 18. Another objection to the plea is, that it relies upon certain alleged facts, and yet is not verified by affidavit. *Fogg* v. *Fogg*, 31 Maine, 302 ; Rule of Court, No. 18.

If the facts set forth in the brief statement had been seasonably pleaded, we might have disproved them.

In short, the whole pleadings can be viewed only as the general issue. The demandant, therefore, is entitled to recover, unless the tenant exhibit a better title. But he makes no title except under the levy of an execution against the husband. The proof of that levy was inadmissible. The husband had no interest in the land. The title was in the demandant from the beginning, and there was no evidence that any part of the consideration for the land moved from the husband.

But suppose a life interest did pass by the levy, it was afterwards conveyed to W. A. Preble, and remained in him at the time of the suit. The tenant's attempt to connect himself with W. A. Preble fails, because, 1st, the supposed tenancy was not pleaded in abatement, and 2d, he is precluded by the general issue, from proving such tenancy. Special non-tenure cannot be proved under the general issue. *Mechanic's Bank* v. *Williams*, 17 Pick. 438; *Alden* v. *Murdock*, 13 Mass. 256 ; Stearns on Real Actions, chap. 4, § 22.

*G. P. Sewall*, for the defendant.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, HATHAWAY and APPLETON, J. J., was drawn up by

HATHAWAY, J. — The demandant, a married woman, claims the demanded premises under a deed from the State of Maine, dated August 26, 1845.

At the time of the trial she was, and had been for fifteen years, the wife of Leonard Eldridge. The defendant claims title to the same premises by virtue of the levy of an execution thereon, March 7, 1846, as the property of said Leonard Eldridge, which execution was issued on a judgment recovered against said Leonard & al. in favor of Albert Merrill,

assignee of J. O. Nickerson, a bankrupt, upon a note dated Aug. 11, 1841, payable on demand and interest, and the defendant derives title from said Merrill by mesne conveyances to William A. Preble, whose tenant he was as alleged in his brief statement. The defendant can derive no benefit from his brief statement as a plea of non-tenure of the freehold, if it were intended as such, for that is matter in abatement only, statute of 1846, chap. 221, and the plea was not filed in season. The plaintiff objected to the admission of the judgment, execution and levy, because there was no evidence of the regularity of the proceedings in bankruptcy, &c.

The presumption is, that all judgments rendered by Courts of competent jurisdiction are properly rendered and upon due preliminary proceedings, and there being no evidence in the case to the contrary, the documents objected to, were properly admitted as muniments of title.

At common law the husband has a life estate in lands, of which his wife owns the fee. The usufruct is his, and is an estate in the land, which may be taken in execution for his debts. Whatever interest, therefore, the husband had in the land, passed by the levy to Merrill.

But the demandant claims that by statute of 1844, chap. 117, entitled "an Act to secure to married women their rights of property" as amended by statute of 1847, chap. 27, the wife's lands are exempted from liability for the husband's debts; and that therefore nothing passed by Merrill's levy.

The levy of the execution was made March 7, 1846, so that if Merrill acquired any title by it, that title became perfect before the amendatory Act of 1847, and the rights of the parties remain as at common law unless changed by the Act of 1844. The Act of 1847 could not impair those rights.

By the statute of 1844, sec. 1, "any married woman may become seized or possessed of any property, &c. in her own name and as of her own property ; provided it shall be made to appear by such married woman, in any issue touching the validity of her title, that the same does not, in any way, come

from the husband after coverture." The demandant cannot avail herself of the benefit of the statute, without a compliance with the requirement of the proviso, and the burden of proof is upon her. *Viles* v. *Jenkins,* 32 Maine, 32.

Whether she has complied with the requirements of the proviso or not, is a question of fact.

By a Resolve of the Legislature, Feb. 22, 1844, the Land Agent was authorized " to sell the State lands in Greenbush for cash, or labor to be appropriated on the river road in Greenbush," and the demandant's deed purports to have been made in pursuance of that Resolve " for the consideration of one hundred dollars, paid for the use of the State by Lucretia H. Eldridge in labor on the river road in Greenbush."

The demandant presented no evidence of her compliance with the requirement of the proviso in the statute, but the deed, and her counsel contend that the deed was *prima facie* sufficient.

We are of opinion that the demandant's deed alone is not sufficient to authorize the Court to decide that her property in the land did " not, in any way, come from the husband after coverture." But if it were so, yet the common law regulating the rights and duties of husband and wife must be regarded as operative so far as it has not been changed by the statute. And in *Swift* v. *Luce,* 27 Maine, 285, it was held that the statute of 1844, ch. 117, " does not determine whether the husband, should he survive the wife, shall be entitled to any right in her personal property or real estate during his life."

*A nonsuit must be entered as agreed by the parties.*