ENOS BECKER v. THE FARMERS' MUTUAL FIRE INSURANCE
COMPANY OF WAYNE AND MONROE COUNTIES.

*Fire insurance—Forfeiture for vacancy of premises.*

A fire insurance policy cannot be affected by the subsequent adoption of
a provision that insurance shall be forfeited if premises are left
vacant.

Vacancy of insured premises is not such a change of risk as to forfeit a
fire insurance policy thereon, without express agreement.

Existing by-laws of a mutual insurance company are properly regarded
as entering into contracts of insurance and binding the members
where the policy is made subject to them.  But a by-law cannot
destroy a contract in force before its adoption.

Error to Wayne.    Submitted June 15.    Decided June 21.

ASSUMPSIT.    Plaintiff brings error.    Reversed.

*J. W. Donovan* and *C. I. Walker* for appellant.    New
conditions cannot be incorporated into a contract:  *Aurora
F. Ins. Co. v. Kranich* 36 Mich. 289 ; a member of a mutual
insurance company is bound by its charter and by-laws:
*Treadway v. Hamilton Ins. Co.* 29 Conn. 68 ; *Simeral v.
Dubuque Fire Ins. Co.* 18 Ia. 319 ; *Coles v. Iowa State
Ins. Co.* id. 425 ; *Am. Ins. Co. v. Stoy* 41 Mich. 395 ; but his
rights cannot be affected without his consent by a by-law
adopted after his contract of insurance is perfected: Bliss
on Insurance § 420.

*Geo. V. N. Lothrop* for appellee.

CAMPBELL, J.    Becker sued on a policy of fire insurance,
which was defended by the company on the ground that
the premises were vacant at the time of the burning, and
the court below sustained the defence.    The policy contained
no clause suspending or destroying the policy for this cause,
but more than a year after its issue a by-law was passed by
the directors (to whom the power of making by-laws seems

to have been given) whereby a policy was made to cease on twenty days' vacancy of the building insured.

There was some dispute concerning notice of this by-law, as well as concerning the conduct of the agent in dealing with the plaintiff in regard to payment of premium after the alleged forfeiture.

We have found nothing in the recognized law of insurance which would authorize an insurance company to make such a radical change in an existing policy. It is well settled that the act of leaving property vacant is not such change of risk as would, without express agreement, avoid the policy. *Residence Fire Ins. Co. v. Hannawold* 37 Mich. 103; May on Insurance 247 et seq. The effect of this by-law, if applicable, is to add a new cause of forfeiture, and to that extent to work a radical change in the contract.

It would hardly be claimed that it would be competent for any legislative body to change so completely the terms of an existing contract where there is no agreement that it shall be subject to change. But it is insisted the policy itself is declared to be subject to the charter and by-laws, and to the laws of the State. But if the contract was valid when made there was no power in the corporation to avoid its own agreement by one means any more than by another. Existing by-laws are in such cases of mutual insurance very properly regarded as entering into the contract and binding the members and open therefore to inquiry. But a contract once made with a member cannot differ in its essence from one made with any one else, and he cannot without his consent be brought into changed responsibilities, which import new terms into the agreement itself. Whatever force new by-laws may possibly have in regard to other matters, they cannot be allowed to destroy express contracts. This principle has been repeatedly recognized as applied not only to by-laws, but to other action of a similar character. See May on Insurance § 552 et seq; *Ins. Co. v. Connor* 17 Penn. St. 136; *Great Falls Mut. Ins. Co. v. Harvey* 45 N. H. 292; *Hamilton Mut. Ins. Co. v. Hobart* 2 Gray 543; *N. E. Mut. Ins. Co. v. Butler* 34 Me. 451; *Revere v. Boston Cop-*

*per Co.* 15 Pick. 363 ; *American Bank v. Baker* 4 Metc. 176 ; Angell & Ames on Corporations 339; 345.

Without, therefore, considering the other questions, which could only become important if the one already mentioned were decided otherwise, we are of opinion that judgment was wrongly ordered against the plaintiff, and that it must be reversed with costs and a new trial granted.

The other Justices concurred.