John Borgards v. Farmers' Mutual Insurance Company of Ottawa and Allegan Counties.

*Mutual fire-insurance companies—By-laws—Authority to adopt.*

1. An agreement that policies issued by a mutual fire insurance company, organized under chapter 132, How. Stat., shall be subject to all changes thereafter made in the charter and by-laws, is valid.

2. Where, after the issuance of *such* a policy, the members of the company regularly adopt a by-law exempting it from losses caused by fire from steam-power used on or about the premises of any member of the company, a copy of which is served on the policy-holder, who makes no objection, but continues his membership, and attends a subsequent annual meeting where the by-law is read, he will be held to have assented thereto, and to the change in the terms of his policy caused thereby.

3. The members of a mutual fire insurance company, organized under chapter 132, How. Stat., have the power, under a charter providing that at the annual meeting the members present shall, among other things, determine a limitation of hazards, adopt by-laws, etc., to adopt a by-law exempting the company from losses caused by fire from steam-power used on or about the premises of any member of the company.

Case made from Ottawa.  (Arnold, J.)   Argued January 16, 1890.   Decided February 20, 1890.

*Assumpsit.*   Plaintiff assigns error.   Affirmed.   The facts are stated in the opinion.

*S. Wesselius* and *R. A. Maynard,* for appellant.

*J. C. Post,* for defendant.

Grant, J.   The defendant was organized under an act to provide for the incorporation of mutual fire insurance companies, approved April 15, 1873.

On March 25, 1881, it issued to plaintiff a policy of

insurance covering buildings and personal property, the insurance to continue for the term during which the plaintiff should remain and be a member of said corporation. Membership was maintained by the payment of certain fees and 1 mill per cent. on the amount insured at the time of issuing the policy, and the assessments made thereafter. The policy was in full force and effect August 1, 1887, when plaintiff's barn and its contents were destroyed by fire caused by sparks from a steam-engine used in threshing grain for plaintiff.

At the time the policy was issued no by-law existed in regard to the use of steam-power affecting the right to recover. In his application plaintiff agreed to observe and be governed by all the conditions of its charter and by-laws as they then existed, and any changes that might thereafter be made in the same. At the annual meeting held January 14, 1882, the following by-law was adopted:

"This company will not be liable for loss or losses caused by fire from steam-power used on or about the premises of any member of this company."

A copy of this by-law was immediately given to plaintiff. He made no objection, but continued his membership, and attended the annual meeting in January, 1886, when this by-law, with others, was read. The statute provides that the corporators, or the trustees, or directors, as the case may be, shall have power to make such by-laws as may be deemed necessary for the government of its officers and members, and the conduct of its affairs. The charter of the defendant provides that at the annual meeting the members present shall, among other things, determine a limitation of single hazards, the compensation of its officers, adopt by-laws, etc. It also carefully limits the powers of its board of directors, and provides that they shall make and adopt all needful by-laws for

the government of its officers and members, and the conduct of its affairs.

1. This policy was issued and received upon the express agreement that it was subject to all changes that should be thereafter made in the charter and by-laws. Such contract is valid. The defendant was a mutual insurance company. The plaintiff, as a member, had an equal voice with the others in the management of its affairs. The by-law was regularly adopted. Under the charter, he could have had his policy canceled and withdrawn. By his conduct, he assented to the by-law, and the change in the terms of his policy caused thereby. This is not in conflict with the principle established in *Becker v. Insurance Co.*, 48 Mich. 610 (12 N. W. Rep. 874.) In that case there was no agreement in the policy that it should be subject to change. There the policy was declared to be subject to the charter and by-laws, which meant, of course, the charter and by-laws as they then existed.

2. The members of the corporation, under the law and the charter, had the power to make the by-law in question. That power was expressly conferred upon them. By-laws duly passed by the members at any annual or special meeting are binding alike upon the corporation and the directors. It is very doubtful if, under the charter, the directors would have the power to pass such a by-law. The by-laws which the directors may make are confined to the government of its officers and members, and the conduct of its affairs. It was evidently the intention of the charter to give to the corporation, acting through its members at their meetings, the exclusive right to prescribe the conditions upon which policies should be issued. Neither the statute nor the charter of the defendant gives the exclusive right to the directors to make by-laws. This power is lodged in the members of

corporations at large, and may be exercised by them, in the absence of any provision expressly delegating it to a select body, to their exclusion.

The judgment of the circuit court in favor of the defendant is affirmed, with costs.

The other Justices concurred.