9235

ROACH v. FARMERS MUT. INS. ASSN. OF OCONEE COUNTY.

(86 S. E. 950.)

INSURANCE. EVIDENCE. JUDICIAL NOTICE. STATUTES. CONTRACTS. STIP-
ULATIONS. MUTUAL INSURANCE ASSOCIATIONS. BY-LAWS. ASSENT OF
POLICYHOLDERS. APPEAL AND ERROR. REVIEW. ERRONEOUS REASONS
FOR RULING.

1. EVIDENCE — JUDICIAL NOTICE — STATUTES. — The Court has judicial
notice of a special act incorporating a corporation.

2. INSURANCE—CONTRACTS—STIPULATIONS.—An insured, in a fire policy
stipulating that he and insurer shall be governed by the by-laws of
insurer, cannot question the power of insurer to make by-laws.

3. APPEAL AND ERROR—REVIEW—ERRONEOUS REASONS FOR RULING.—The
reason on which the trial Court based a ruling is immaterial where
the ruling is sustainable on sound reasons.

4. INSURANCE—FIRE INSURANCE—CONTRACTS—STATUTORY PROVISIONS.—
Under Civ. Code 1912, sec. 2777, providing that only such portions of
the constitution and by-laws of mutual insurance associations shall
be, a part of the policy as shall be printed in the policy or mailed to
insured, a by-law not printed in the policy nor mailed to insured is
not binding on him.

5. INSURANCE—FIRE INSURANCE—MUTUAL INSURANCE ASSOCIATIONS—
BY-LAWS.—The by-laws of a mutual insurance association forming a
part of the contract between it and insured may not be so amended
without the consent of insured as to affect the validity or terms of
the contract previously made, and a by-law presumptively applies
only to policies to be subsequently issued, in the absence of anything
to indicate that the by-law was made applicable to existing policies
and was agreed to by all policyholders.

6. INSURANCE—MUTUAL INSURANCE ASSOCIATIONS—BY-LAWS—ASSENT OF
POLICYHOLDERS.—That a policyholder of a mutual insurance associa-
tion was represented by proxy at a meeting at which a by-law was
passed did not alone show that he assented to the by-law, and his
policy was not changed thereby.

Before MEMMINGER, J., Walhalla, March, 1914. Af-
firmed.

Action by Baxter Roach against the Farmers Mutual
Insurance Association of Oconee County, South Carolina.
From a judgment for plaintiff, defendant appeals.

*Mr. M. C. Long,* for appellant, cites: *Plaintiff estopped
to deny defendants' corporate existence:* Clark, Corpora-

tions, p. 82, sec. 40. *By-laws part of contract:* 54 S. C. 373; 91 S. C. 577; 95 Mo. App. 335; 74 S. W. 705; 29 Cyc. 68 to 71; 22 Cyc. 1411, 1413; 106 Iowa 457; 76 N. W. 809; 113 Mo. App. 19; 87 S. W. 530; 79 Conn. 218. *Charge on facts:* 47 S. C. 498; 50 S. C. 151; 51 S. C. 453; 49 S. C. 550; 63 S. C. 271; 85 S. C. 450.

*Mr. M. R. McDonald,* for respondent, cites: Civil Code, sec. 2777; 31 Cyc. 218; Code Civ. Proc., sec. 199; 10 Cyc. 352, 353; 24 S. C. 70. *Charge on facts:* 87 S. C. 244; 91 S. C. 161; 79 S. C. 526; 61 S. C. 21; 97 S. C. 116; 95 S. C. 196; 96 S. C. 81.

November 16, 1915.

The opinion of the Court was delivered by Mr. Justice Hydrick.

Defendant appealed from judgment for plaintiff on a policy of fire insurance issued by defendant on July 26, 1911. The policy provided that it should continue in force until canceled by the insured or the association, as provided therein or the by-laws of the association; and that either the insured or the association might be released from its obligations by giving the other 30 days' notice of such intention; and that both the association and the insured should be governed by the by-laws of the association. There was no stipulation in the policy that the liability of the association should cease, if the houses insured became vacant, and, at date of the policy, there was no by-law to that effect.

One of the defenses pleaded was that the houses burnt had been vacated more than ten days before the fire, and that a by-law of the association provided that its liability under the policy should cease after such vacancy. Defendant offered testimony tending to prove that on August 8, 1911, at a regular meeting of the association, of which the members were notified by mail and by advertisement in a

newspaper, and at which all the members were present, or represented by proxy, a by-law was passed which read:

"The liability of this association for loss by fire ceases after ten days from time house is vacated."

The testimony was excluded on the ground that the charter of the association had not been proved, and, therefore, there was no evidence of its authority to make by-laws. The ground of its exclusion was erroneous.

The plaintiff alleged in his complaint that defendant is a corporation, and that allegation is not put in issue by the defendant. It was, therefore, an admitted fact in the case. Moreover, defendant was incorporated in 1894 by a special act of the legislature (21 St. at Large, p. 849) which gives it authority to make by-laws, if such power is not a necessary incident to its corporate existence for the purposes intended. Of this statute, the Court had judicial knowledge, though it was not called to the attention of the Court, as it should have been, by the attorneys, who appear to have overlooked it themselves, until after the trial. Furthermore, plaintiff could not question the power of the association to make by-laws, because, by the terms of his contract, he had recognized that power as incident to the life of the association, and agreed to be bound by its by-laws.

But, as this Court has often held that the reason upon which a ruling is based is not material, if it was right and can be sustained upon sound reasons, we may inquire whether the ruling was not correct, notwithstanding it was based upon erroneous grounds.

Section 2777 of the Civil Code of 1912 provides that:

"Only such portions of the constitution and by-laws (of such association) shall be a part of a policy contract as shall be printed in the policy certificate, or as shall be mailed to the policyholder at his last known postoffice address."

This section is found in article IV, which treats of "Mutual Protective Associations," of which defendant is one.   The by-law in question was not printed in the policy certificate, and there is no evidence that it was mailed to plaintiff as required by the statute.

Besides the statute, there is another ground upon which the ruling should be sustained.   The association had no power to pass a by-law which impaired the obligation of the contract which it had previously made with plaintiff, without his assent thereto, express or implied, and the burden was upon defendant to prove such assent.   It is elementary that, when a contract has been made, neither party to it can modify its terms in any material respect without the consent of the other.   It should not be presumed that the association intended to do what it had no legal right to do, except by the unanimous consent of its members, and as the by-law was not in express terms made applicable to then existing policies, and as there was no evidence that it was intended that it should be so applied and that it was so understood by the members, it must be presumed that it was intended to apply only to policies to be issued after its passage.

The general principles as to the effect of the by-laws of such an association upon its policy contracts, and the rights of the association and its members, are well stated in 22 Cyc. 1411:

"The members of the company being bound by the provisions of its by-laws, such by-laws enter into and form a part of the contract of insurance as between the members and the company, whether formally incorporated into the contract of insurance or not, and knowledge on the part of the members of the provisions of such by-laws is presumed.   The fact that some of the by-laws are incorporated into the policy will not justify the supposition that others not so incorporated are not a part of the contract. A member is estopped from questioning the validity of a by-law, which to his

31—102

knowledge has been generally acted upon in transacting the business of the company during the time he has been such member.  A member is also bound by amendments to or changes in the by-laws regularly adopted, although he may have no actual notice thereof.  *But so far as the articles and by-laws constitute a part of the contract between the member and the association, they may not be so amended without the consent of the member as to affect the validity or terms of the contract already entered into;* nor will orders or resolutions of the governing body affect the rights of a member as against the company, unless he has had notice of their passage."  (Italics added.)

In *Becker* v. *Farmers Mutual Insurance Co.,* 48 Mich. 610, 12 N. W. 874, the defense was that the premises were vacant, when burned.  The policy contained no provision that it should be suspended or become void for that cause.  But after the policy was issued, a valid by-law was passed, whereby policies were made to cease on 20 days' vacancy of the building insured.  The Court held that, while existing by-laws of such a company are properly regarded as entering into the contract of insurance and binding on the members, where the policy is made subject to them, a subsequent by-law cannot destroy a contract in force before its adoption, and that the effect of the by-law, if applicable, was to add a new cause of forfeiture, and, to that extent, make a radical change in the contract, which the company had no power to do without the consent of the insured.

In the case at bar, there is no evidence from which the consent of plaintiff to the application of the by-law in question to his policy can be inferred.  On the contrary, he testified that he did not know of the passage of such a by-law, and that, although one of the houses insured was vacant for more than 12 months before it was burned, he continued to pay his assessments as he had done from the beginning on the whole amount for which he was insured.  The only testimony offered which might be

regarded as tending to prove his assent to the by-law was that he was represented by proxy at the meeting at which it was passed. But this was not enough; for it may be questioned whether, if he had been at that meeting in person and had had actual knowledge of the passage of the by-law, in the absence of a contrary intention, expressed in the by-law or necessarily to be implied from its language, he would not have had the right to assume that it was intended to apply only to policies to be issued after its passage. Because the association should not be presumed to have undertaken to do what it had no legal right to do.

In the view which has been taken of the controlling question involved, it becomes unnecessary to consider whether the remarks of the Court to counsel, in the presence of the jury, to the effect that there was no evidence of the vacancy of the houses, were prejudicial.

Judgment affirmed.