PATRONS' MUTUAL FIRE INSURANCE CO. OF MICHIGAN
*v.* BRINKER.

1. INSURANCE—MUTUAL FIRE INSURANCE COMPANIES—MANDATORY
PROVISIONS OF STATUTE—RIGHT TO LEVY EXTRA ASSESSMENTS.

The provision in section 13, Act No. 256, Pub. Acts 1917,
requiring mutual fire insurance companies organized under
said act to prescribe in their articles of association the
liabilities of their members is mandatory, and a company
which failed to comply therewith was without authority
to levy an extra assessment on a member who had paid
the premium demanded, although his application provided
that it was subject to the "articles of association, by-laws,
rules and regulations now in force or that may hereafter
be in force," and after he became a member the articles
of association were amended to provide for additional
assessments.

2. SAME—CONSTRUCTION OF STATUTE.

Section 16 of said statute, requiring the president and
secretary of such companies to levy an assessment suf-
ficient to cover all of their liabilities, and section 17, pro-
viding a penalty for wilful failure to do so, do not confer
upon a company any right to levy extra assessments which
but for them would be illegal, but their purpose and in-
tent is to place upon some officer the duty of making law-
ful assessments.

Error to Delta; Flannigan (Richard C.), J. Sub-
mitted June 11, 1926. (Docket No. 93.) Decided
October 4, 1926.

Assumpsit in justice's court by the Patrons' Mutual
Fire Insurance Company of Michigan against John
Brinker for an assessment. There was judgment for
defendant, and plaintiff appealed to the circuit court.
Judgment for defendant. Plaintiff brings error.
Affirmed.

Mutual Benefit Insurance, 29 Cyc. pp. 98, 99; 14 R. C. L.
970; 3 R. C. L. Supp. 324.

*Thomas J. Riley (Kinnane & Leibrand,* of counsel), for appellant.

*Stanley M. Matthews,* for appellee.

SNOW, J.    The plaintiff is a mutual fire insurance company reorganized under chapter four of part four of Act No. 256, Pub. Acts 1917, as amended by Act No. 407, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 9100 [264] *et seq.*).

Section 13 thereof provides:

"It shall be the duty of the incorporators of any company organized under, or subject to the provisions of, this chapter to prescribe in their articles of association, the liabilities of the members to be ratably assessed towards defraying the losses and expenses of such companies, and the mode and manner of collecting such assessments, and the members shall be liable to assessment for all liabilities of the company to the extent declared in the articles of association; and the liability of the persons insured in such companies and the members thereof, for the losses or expenses of such companies, shall not exceed the liabilities assumed by such persons when taking such insurance or by such members when joining such company, and in payment in full by such person or member of the amount assumed or agreed to be paid on taking such insurance, or on becoming a member of such company, the said persons so insured as aforesaid and the said members of such companies shall be released and absolved from any and all further liability, for such losses or expenses."

On April 11, 1922, the defendant made application for $5,900 of insurance upon a three-year term class three policy.    The premium fee on class three policies was fixed at an amount which the company estimated would take care of all losses and expenses apportionable to policies of that class during the insured period, and in defendant's case it amounted to $48.67, a membership of $1, and a policy fee of 50 cents, making a total of $50.17, which he paid in cash.

The liability of the members was not prescribed in the articles of association, as required by the quoted section of the statute, but in the application for insurance it was provided that such application was subject to the "articles of association, by-laws, rules and regulations now in force, *or that may hereafter be in force.*"   In May, 1922, and again in June, 1923, the company amended its articles of association to provide for the right to levy an assessment upon policies in class three, not to exceed the amount of one premium thereon, in the event that business in that class should not be sufficient to pay losses and provide a sufficient reserve.   In July, 1923, pursuant to such amendments, an assessment was made on class three members for their *pro rata* share of losses, which had been very heavy.   Defendant's assessment amounted to $41.60 and, upon his refusal to pay the same, suit was commenced against him in justice's court.   From a judgment in his favor an appeal was taken to the circuit court, where, by direction of the court, a judgment was again rendered in defendant's favor, and is here reviewed on writ of error.

It is the contention of plaintiff company that the provision of the statute, requiring the liability of the members to be prescribed in its articles of association, is not mandatory, but directory only; that the omission from the articles was an oversight, a mere irregularity, and that the statute, containing a provision for the liability of members to be assessed for losses, expenses, and liabilities of the company, constituted a part of the contract between the parties, making it unnecessary to repeat its provisions in the articles of association; and, therefore, that while the liability of the defendant was not prescribed in the articles of association, such liability was not to be measured by the amount paid by defendant when he became insured, but that, because he had agreed in his application to

become subject to any rule or regulation that might thereafter be put in force, his liability to the company could at any time be enlarged by an amendment to the articles of association, making provision therefor.

If plaintiff's contention is correct, the section of the statute above quoted, under which the company was organized, and a compliance with which should determine its right to exist and continue, must be held for naught. The purpose of this section of the law was to provide accessible means for the prospective member to ascertain the extent of his liability. He was not to be compelled to go to the law, which in any event he would have difficulty in finding or understanding, but it was made as easy as possible for him by requiring that it be set out in the articles of association, which were a part of his policy, so that he might read there what his liabilities were in return for the protection of insurance that was to be afforded him. If this provision of the statute, requiring the liabilities of members to be prescribed in the articles of association, was not a mandatory one, the evident purpose it was designed to accomplish could be easily defeated by a simple failure to comply with it, as was done in the instant case. How can the claimed right of the plaintiff to levy an assessment against defendant at will, without sufficiently expressed authority in the articles of association so to do, be reconciled with the law which provides that the liability of persons insured "shall not exceed the liabilities assumed by such persons when taking such insurance or by such member when joining such company?" There was nothing in the articles of association which might lead the defendant to expect that he could ever be called upon, during the three-year life of his policy, to meet some action of the company which would increase his liability to it beyond that which he had the right then to know he was undertaking.

This court has never been called upon to determine the rights of mutual fire insurance companies organized under this statute to levy additional assessments on its members, but plaintiff has called our attention to several life insurance cases, organized under various other statutes, for authority that defendant was bound by amendment to the articles of association as to assessments or additional liabilities, because his application was subject to rules and regulations that might thereafter be in force. We have examined these cases and conclude that the most that plaintiff can claim for them is that where there was an agreement with the member, at the time he became such, to the effect that he would be bound by future rates and liabilities to be put in force and imposed from time to time as the company insuring deemed necessary, he was bound by such agreement and responsible for such increased liability imposed upon him thereunder.

But no such provision was embodied in the articles of association in the instant case, and it was clearly the intent of the legislature to confine the members' liability within the limits specified in such articles.

We are not called upon to determine, and do not attempt to prescribe, what provision might be incorporated in the articles of association relative to liabilities of members, that would at once satisfy the statute, and still permit additional assessments, as was attempted in the instant case. It is sufficient here to say that the articles contained no such provision when defendant became a member of the company, and the attempted imposition of additional obligation against him was clearly void.

Section 16 of the act under consideration provides in substance that it is the duty of the president and secretary of all mutual companies to levy an assessment sufficient to cover all of their liabilities, and section 17 of the act provides a penalty for their wilful

failure to do so. Plaintiff contends that these sections not only permit, but impose upon it the specific duty of doing just what was done in the instant case, notwithstanding the fact that no such provisions are contained in its articles of association, by-laws, rules or regulations; that these sections are inconsistent with section 13 above referred to.

Authority is not given to the company to levy assessments upon members by these sections. Their intent and purpose is to place upon some officer of the company the duty to perform the necessary ministerial functions of making the levy of lawful assessments, so that just claims might not be defeated or delayed. We do not find these sections to be in any way inconsistent with section 13, or that they confer upon the company any right to levy an assessment upon the members that but for them would be illegal.

Counsel for plaintiff places reliance upon *Russell* v. *Berry*, 51 Mich. 289, as authority for the right to levy the assessment against defendant. In that case this court holds that it was section 17 of the act under which the company was organized that gave it conclusive authority to levy assessments. Such section declares that the receiver "shall at once proceed to assess upon all members and persons insured in such company, such sums of money as will in the aggregate be sufficient to pay all the losses and liabilities of said company, together with the services and expenses of such receiver," etc. The company was in the hands of a receiver and he was simply following his statutory duty in making the assessment and prosecuting for its collection.

We are not dealing with a receivership or insolvency in the instant case, and no right to assess is claimed by virtue of any such provision of the law as controlled the *Russell Case.* And, too, it must be borne in mind that the law under which plaintiff is organized

makes it mandatory to prescribe the limitation of liability in its articles of association. The *Russell Case,* therefore, is not here controlling. See *Macklem* v. *Bacon,* 57 Mich. 334.

We have examined with care all questions suggested in the briefs of counsel, and conclude the case must be disposed of upon the effect that must be given the statute discussed. We agree with the trial court that this statute requires the company to set forth in its articles of association the full liability of the member, and that further than is there set forth liability cannot be imposed.

As the articles of association, at the time defendant became a member, did not comply with the law, and as they utterly failed to confer the right to impose additional liabilities upon the defendant to those he assumed and paid, we are constrained to hold the assessment attempted against the defendant illegal and void.

The judgment in favor of the defendant is therefore affirmed, with costs.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST. CLARK, and McDONALD, JJ., concurred.