PARTRIDGE *v.* MICHIGAN MUTUAL WINDSTORM
INSURANCE CO.

1. INSURANCE—MUTUAL INSURANCE COMPANIES—AMENDMENT OF
   BY-LAWS—IMPAIRMENT OF CONTRACT.
   By-law authorizing mutual insurance company to insure cer-
   tain classes of property against windstorm, "subject to by-
   laws as they now exist and as they may hereafter be amended,"
   *held*, to relate solely to corporate powers as to insuring prop-
   erty, and not to permit impairment of outstanding contracts
   in hands of policyholders.

2. SAME—BY-LAWS IN EFFECT WHEN POLICY ISSUED CONTROLLING.
   Policy issued by mutual insurance company reciting that it is
   according to charter and by-laws, *held*, to refer to by-laws
   as then existing, although charter recites that board of di-
   rectors may alter, amend, and repeal by-laws.

3. SAME—INSURED NOT BOUND BY AMENDMENT IN ABSENCE OF
   AGREEMENT.
   Policyholders in mutual insurance company, not agreeing in
   policy to be bound by subsequent amendments to by-laws, are
   not so bound, although directors had power to amend.
   NORTH and BUTZEL, JJ., dissenting.

Appeal from Genesee; Gadola (Paul V.), J.  Sub-
mitted June 12, 1931.  (Docket No. 112, Calendar No.
35,442.)  Decided December 8, 1931.  Submitted on
rehearing April 5, 1932.  Decided June 23, 1932.

Assumpsit by Frank and Lewis Partridge, as Part-
ridge Bros., against Michigan Mutual Windstorm
Insurance Company, a Michigan corporation, on a
policy of windstorm insurance.  Judgment for plain-
tiffs.  Defendant appeals.  Affirmed.

*Cline & George,* for plaintiffs.

*Kim Sigler,* for defendant.

ON REHEARING.

CLARK, C. J. It is necessary to state certain facts again. We quote from the by-laws:

"Article 1.—Corporate Powers.

"SECTION 1.—Insurable Property. This company may insure against direct loss or damage by tornado, cyclone or windstorm the following described classes of property owned by members and situate within the State of Michigan, namely, dwelling houses, stores, and all other kinds of buildings, household furniture, goods, wares and merchandise, and any other property subject to the terms and conditions of the articles of association and by-laws of the company as they now exist and as they may hereafter be amended."

This provision relates solely to corporate powers as to insuring property. There is nothing in it to permit, or in any way appertaining to, destruction or impairment of outstanding contracts in the hands of policyholders.

Plaintiffs' policy recites that it is "according to the charter and by-laws," and the charter recites: "The board of directors shall have power to make, alter, amend and repeal by-laws."

It should be noted that in this policy contract there is nothing which can be found or construed as consent on the part of plaintiffs to be bound by amendments made subsequent to their contract.

No reason appears for departing from former opinion in this cause, reported in 256 Mich. 76. From abundance of authority there set forth, the following from *Covenant Mutual Life Ass'n* v. *Kentner*, 188 Ill. 431 (58 N. E. 966), is typical:

"Even if a benefit certificate states that the by-laws are a part of the contract and that they are

subject to amendment, subsequent by-laws will be construed to apply only to contracts made after their adoption, unless there is an express agreement that a member shall be bound by future by-laws.''

The charter and by-laws as then existing were read into the contract with plaintiffs, and of course the contract was subject to them.

Recital in the by-laws that they were subject to amendment is of no importance. They were subject to amendment anyway, and declaring an existing power does not change the power. There was power in the corporation to amend. Defendant's argument comes to this, that because there was power (here declared) in the corporation to amend by-laws, contracts, of which the by-laws are a part, were likewise subject to amendment. That is not the law. The charter and by-laws which went into the contract were as then existing. The corporation may amend, but, if plaintiffs are to be held to subsequent amendment, an express agreement that they shall be so bound must appear. No such agreement is found.

Affirmed.

McDONALD, SHARPE, FEAD, and WIEST, JJ., concurred with CLARK, C. J.

NORTH, J. (*dissenting*). Lest on this rehearing the exact point in the case and the facts surrounding it be overlooked, I again call attention to reasons for reversal.

Plaintiffs, upon becoming members of this mutual company, were charged with knowledge of two things: (1) They were bound by the provisions of its charter and by-laws; and (2) that this mutual company only had power to insure property ''subject to the terms and conditions of the articles of as-

sociation and the by-laws of the company *as they now exist and as they may hereafter be amended.*" The quoted provision was plainly printed in plaintiffs' insurance policy; and in their application for insurance they agreed "to be governed in all cases by the charter and by-laws." Notwithstanding this, plaintiffs now come into court and deny they are bound by the amendment to defendant's by-laws which in effect requires them to fill their silo annually as a condition precedent to keeping in force the insurance thereon. I cannot concur in my Brother CLARK's opinion on rehearing wherein he says: "Recital in the by-laws that they are subject to amendment is of no importance." As pointed out in our former opinion, that provision in connection with the further by-law provision that the risks carried by the company are all subject to the provisions of its present by-laws and "as they may hereafter be amended," is the very factor in this case which distinguishes it from *Becker* v. *Insurance Co.,* 48 Mich. 610, and definitely brings it within the rule of our decisions which hold that the insured, because of his agreement to that effect, is bound by subsequent amendments to the company's by-laws. *Wineland* v. *Maccabees,* 148 Mich. 608; *Williams* v. *Supreme Council C. M. B. A.,* 152 Mich. 1; *Brown* v. *Great Camp K. O. T. M. M.,* 167 Mich. 123; *DeGraw* v. *Supreme Court, I. O. F.,* 182 Mich. 366.

While it is by no means universally controlling, it would be fortunate if in the administration of the law courts would more often give consideration to the practical results of their adjudications. This is especially true in the instant case. If appellees' contention is well-founded, the defendant company would seem to have no way of relieving itself of undesirable risks on wood stave silos in its many poli-

cies outstanding before the amendment to its by-laws except cancellation of those policies; and wholesale cancellation of outstanding insurance by a company is plainly self-destruction of its business. Herein lies the justice and reason for allowing members of mutual companies, who are insurers as well as insured, to modify the character of the risks included in their policies, when as here the by-laws provide that the risks carried are "subject to the terms and conditions of the articles of association and the by-laws of the company as they now exist and *as they may hereafter be amended.*"

Further, unless the defendant company cancels policies of this character antedating the amendment to its by-laws, the mutuality among the members of this mutual company is destroyed, because wood stave silos under all policies issued subsequent to the change in the by-laws are subject to the restriction or limitation embodied in the changed by-law, while those insured under policies issued before the change in the by-laws still have the broader protection that was formerly afforded by the policy. A mutual company, to be mutual, should afford to each of its members the same protection on each class of identical risks. Otherwise, the premium charged to some is relatively higher than that charged to others. Under appellees' contention in the instant case, members insured since the change in by-laws will pay for loss of prior members against which the more recent members are not insured at all; and those holding policies antedating the amendment to the by-laws will thus enjoy protection which they do not mutually afford to those who have become members of the company since the change in the by-laws. Thus the more recent members are subject to assessments to pay plaintiffs' loss and other losses of like character;

but these more recent members do not have and cannot obtain like protection from the defendant company. In other words, as to this type of risk all semblance of mutuality is destroyed.

"Mutual insurance is essentially different from stock insurance, and much of the litigation that has grown out of this species of insurance has been owing to inattention to this difference. * * * And it is necessary and equitable that each person who gets insured in them should become subject to the same obligations towards his associates that he requires from them towards himself." *Kamm & Schellinger Brewing Co.* v. *St. Joseph, etc., Ins. Co.,* 168 Mich. 606.

In the instant case plaintiffs had the insurance policy in their possession for more than seven years before the loss.

"The by-law appeared upon the certificate of insurance issued in this case, and it is to be presumed the insured had notice of it. It has been repeatedly held that when a policy of insurance is effected in a mutual insurance company, the insured becomes a member of the corporation, and is bound by its charter and by-laws. The by-law is as much a part of the contract of insurance, and as binding upon the member, as the policy itself." *Douville* v. *Farmers' Mut. Fire Ins. Co.,* 113 Mich. 158.

"Where there was an agreement with the member, at the time he became such, to the effect that he would be bound by future rates and liabilities to be put in force, and imposed from time to time as the company insuring deemed necessary, he was bound by such agreement and responsible for such increased liability imposed upon him thereunder." *Mutual Fire Ins. Co.* v. *Brinker,* 236 Mich. 367.

Plaintiffs should be bound by the amended by-laws, not only because their contract of insurance so pro-

vides, but also by reason of the statutory provision authorizing mutual companies to make such amendments. Section 6, chap. 1, pt. 2, of the insurance code (3 Comp. Laws 1929, § 12293) provides:

"The directors or trustees of any company organized under this act shall have power to make such by-laws, not inconsistent with the Constitution and laws of this State, or with their articles of association, as they may deem necessary for the government of the officers and members of the company, and the conduct of its affairs."

But entirely aside from the statutory provision, the rights of the parties to this suit are a plain matter of contract. In the application for insurance plaintiffs agreed to be bound by the provisions of defendant's by-laws. The by-laws were made a part of and printed in plaintiffs' policy, and therein plaintiffs agreed with the other members of this mutual company that all should be bound by the terms of defendant's by-laws *"as they now exist and as they may hereafter be amended."* The by-laws were amended, plaintiffs failed to comply with the requirement of the amended by-laws; and now, in violation of their contract to be bound by such amended by-laws, plaintiffs seek recovery for a loss not covered by their policy under the terms of the by-laws as amended. Such recovery should not be allowed, and the judgment entered in the circuit court should be reversed.

BUTZEL, J., concurred with NORTH, J. POTTER, J., did not sit.