PARTRIDGE *v.* MICHIGAN MUTUAL WINDSTORM INSUR-
ANCE CO.

1. INSURANCE—MUTUAL INSURANCE COMPANIES—AMENDMENTS TO
BY-LAWS.

Generally, policy holder in mutual insurance company is bound
by subsequent changes or amendments of by-laws where he
has consented thereto, such as where he has agreed expressly
in contract to be so bound.

2. SAME—IMPAIRMENT OF CONTRACTS.

Policy holders in mutual insurance company who did not ex-
pressly agree to be bound by amendments of by-laws sub-
sequently adopted are not bound thereby, notwithstanding
charter gives board of directors power to amend by-laws, and
insured agreed to be governed in all cases by charter and
by-laws.

BUTZEL, C. J., and NORTH, J., dissenting.

Error to Genesee; Gadola (Paul V.), J. Submit-
ted June 12, 1931. (Docket No. 112, Calendar No.
35,442.) Decided December 8, 1931. Rehearing
granted March 3, 1932. See 259 Mich. 387.

Assumpsit by Frank Partridge and another, as
Partridge Bros., against Michigan Mutual Wind-
storm Insurance Company, a Michigan corporation,
on an insurance policy. Judgment for plaintiffs.
Defendant brings error. Affirmed.

*Cline & George,* for plaintiffs.

*Kim Sigler,* for defendant.

CLARK, J. On July 12, 1922, defendant, a mutual
insurance company, a Michigan corporation, doing
business indicated by its name, issued a policy of in-

surance to plaintiffs, covering, among other things, a silo at $300. The policy recites that plaintiffs became members according to the charter and by-laws.

The charter and the by-laws are printed on the policy. The charter gives the board of directors power to make, alter, amend, and repeal by-laws in any manner not inconsistent with law and the articles of association.

A by-law provides that the company may insure certain described property "and any other property subject to the terms and conditions of the articles of association and the by-laws of the company as they now exist and as they may hereafter be amended." In the application, plaintiffs requested insurance in accordance with the charter and by-laws and they agreed "to be governed in all cases by the charter and by-laws." On January 18, 1928, the board of directors amended a by-law to read as follows:

"Section 4—Limitation on Liability.
*  *  *  "And on any wood-stave silo not to exceed two-thirds of the actual damage or cost of repair; and in no case shall the company be liable for loss or damage to any wood-stave silo that was empty and not filled the fall preceding the loss," etc.

On January 16, 1929, this was approved at the annual meeting of members. On August 13, 1929, plaintiffs' silo blew down. It was a wood-stave silo, empty and not filled the fall preceding the loss. If the company is liable, the agreed amount is two-thirds of $225. Plaintiffs prevailed in a trial without a jury. Defendant has appealed.

There is no question of waiver or estoppel. The sole question is whether plaintiffs are bound by the amendment to the by-law adopted after the making of the policy contract.

Our cases generally hold a policy holder bound by subsequent changes or amendments of by-laws where he has consented thereto, such as where he has agreed expressly in the contract to be so bound. *Livingston* v. *Cypher*, 243 Mich. 500; *De Graw* v. *Supreme Court, I. O. F.*, 182 Mich. 366; *Williams* v. *Supreme Council C. M. B. A.*, 152 Mich. 1; *Brown* v. *Great Camp K. O. T. M. M.*, 167 Mich. 123; *Wineland* v. *Maccabees*, 148 Mich. 608.

The charter and by-laws as then existing and in force are read into the contract. There was power in the board of directors to make amendments of by-laws. But plaintiffs did not expressly agree to be bound by amendments subsequently adopted. In *Becker* v. *Insurance Co.*, 48 Mich. 610, after the policy was issued a by-law was adopted whereby the policy was to cease in case of vacancy. The court held:

"The effect of this by-law, if applicable, is to add a new cause of forfeiture, and to that extent to work a radical change in the contract.

"It would hardly be claimed that it would be competent for any legislative body to change so completely the terms of an existing contract where there is no agreement that it shall be subject to change. But it is insisted the policy itself is declared to be subject to the charter and by-laws, and to the laws of the State. But if the contract was valid when made there was no power in the corporation to avoid its own agreement by one means any more than by another. Existing by-laws are in such cases of mutual insurance very properly regarded as entering into the contract and binding the members and open therefore to inquiry. But a contract once made with a member cannot differ in its essence from one made with any one else, and he cannot without his consent be brought into changed responsibilities, which im-

port new terms into the agreement itself. Whatever force new by-laws may possibly have in regard to other matters, they cannot be allowed to destroy express contracts. This principle has been repeatedly recognized as applied not only to by-laws, but to other action of a similar character."

The *Becker Case* was approved in *Borgards* v. *Insurance Co.,* 79 Mich. 440, where the court, in holding that a policy holder had consented to the by-law, said:

"This is not in conflict with the principle established in *Becker* v. *Insurance Co.,* 48 Mich. 610. In that case there was no agreement in the policy that it should be subject to change. There the policy was declared to be subject to the charter and by-laws, which meant, of course, the charter and by-laws as they then existed."

Again, in *Starling* v. *Royal Templars,* 108 Mich. 440 (62 Am. St. Rep. 709), it was held, quoting syllabus:

"A mutual benefit society which issues a certificate to a member providing for payment in case of total disability resulting from a specified cause cannot, without his express consent, change his contract by the adoption of a by-law excluding such cause of disability, although the member has agreed in his certificate to observe 'all the laws, rules, and regulations of the society.' "

And syllabus from *Covenant Mutual Life Ass'n* v. *Kentner,* 188 Ill. 431 (58 N. E. 966):

"Even if a benefit certificate states that the by-laws are a part of the contract and that they are subject to amendment, subsequent by-laws will be construed to apply only to contracts made after their adoption, unless there is an express agreement that a member shall be bound by future by-laws."

And syllabus from *Farmers Mutual, etc., Ass'n* v. *Slattery,* 115 Iowa, 410 (88 N. W. 949):

"Where the by-laws of a mutual hail insurance association at the time of the issuance of insured's policy made no provision for the suspension of policies for the failure to meet assessments, insured was not bound by a subsequent amendment thereof providing for such suspension though he agreed to be governed by the articles of incorporation and by-laws, the former of which expressly conferred power to enact by-laws on the directors."

And text from 32 C. J. p. 1164:

"While the charter of the company may be modified under legislative authority, and the by-laws may be amended or new by-laws adopted, the rights of insured under his contract cannot be affected, destroyed, or enlarged by a subsequent change in the articles of incorporation or association, or in the by-laws, rules, or regulations, either by amendment or by the adoption of new provisions, unless he assents thereto, or unless it is provided in the contract that he shall be bound by amendments or provisions subsequently adopted."

In 2 Cooley's Briefs on Insurance (2d Ed.), p. 1116, it is said:

"The rule undoubtedly is that in the absence of any express stipulation giving the right, or the subsequent assent of the member, the company cannot, by the passage of a by-law impairing his contract, bind the member."

And p. 1117:

"The mere reservation of power to enact by-laws does not alter the general rule."

In the absence of a provision in the contract that the plaintiffs, insureds, shall be bound by amend-

ments or provisions subsequently and lawfully adopted, or some like or equivalent stipulation, they are not bound by the by-law in question. Therefore they may recover.

Judgment affirmed.

Wiest, McDonald, Sharpe, and Fead, JJ., concurred with Clark, J.

North, J. (*dissenting*). Plaintiffs' rights and defendant's liability are fixed by the terms of their contract, so the controlling consideration is determination of the contract provisions. Justice Clark interprets their contractual relation as one which does not provide that their respective rights and liabilities are subject to subsequent changes in defendant's by-laws. In this I cannot agree. This policy expressly provides that plaintiffs became members of the mutual defendant company "according to the charter and by-laws." The charter and by-laws are printed as a part of the policy. Article 12 of the charter empowers the directors "to make, alter, amend and repeal" the by-laws not inconsistent with the law or articles of association. When plaintiffs became members of this mutual company, article 1, § 1, of its by-laws read as follows:

"Corporate Powers"

"This company may insure against direct loss or damage by tornado, cyclone or windstorm the following described classes of property owned by members and situate within the State of Michigan, namely, dwelling houses, stores, and all other kinds of buildings, household furniture, goods, wares and merchandise, and any other property subject to the terms and conditions of the articles of association

and by-laws of the company as they now exist *and as they may hereafter be amended.*"

Plaintiffs' application was for insurance "in accordance with its (defendant's) charter and by-laws;" and in their application they agreed "to be governed in all cases by the charter and by-laws," which were made a part of plaintiffs' policy by being printed therein; and thus plaintiffs' policy provided that the insurance contract was subject to the articles of association and by-laws "as they now exist and as they may hereafter be amended." From the foregoing it seems clear to me by the very terms of plaintiffs' policy they agreed that this mutual company of which they became members had power to modify the risks it carried, because such risks (including plaintiffs') were subject to the terms of the by-laws "as they now exist and as they may hereafter be amended." The quoted provision of the by-laws certainly must be given some meaning and application. I think it puts the instant case on all fours with *Livingston* v. *Cypher*, 243 Mich. 500, where the insured was held to be bound by the provisions in his policy that he should be subject to "the charter and by-laws now in force or that may hereafter be in force." To that proposition Justice FELLOWS, writing for the court, cited *Wineland* v. *Maccabees*, 148 Mich. 608; *Brown* v. *Great Camp K. O. T. M. M.*, 167 Mich. 123; *DeGraw* v. *Supreme Court, I. O. F.*, 182 Mich. 366; *Williams* v. *Supreme Council C. M. B. A.*, 152 Mich. 1.

We think it may well be said in this case, as was said in *Borgards* v. *Insurance Co.*, 79 Mich. 440:

"This policy was issued and received upon the express agreement that it was subject to all changes that should be thereafter made in the charter and by-laws. Such contract is valid. The defendant was a

mutual insurance company. The plaintiff, as a member, had an equal voice with the others in the management of its affairs. The by-law was regularly adopted. Under the charter, he could have had his policy canceled and withdrawn. By his conduct, he assented to the by-law, and the change in the terms of his policy caused thereby. This is not in conflict with the principle established in *Becker* v. *Insurance Co.,* 48 Mich. 610. In that case there was no agreement in the policy that it should be subject to change. There the policy was declared to be subject to the charter and by-laws, which meant, of course, the charter and by-laws as they then existed.''

It is true that in the *Borgards Case* there was an agreement in the application for the insurance that the insured would be bound by subsequent changes in the charter or by-laws. But, as noted, in the case before us plaintiffs' application was made by express reference in accordance with the then existing by-laws and these contained the provision that the insurance contracts to be issued would also be subject to the by-laws ''as they may hereafter be amended.'' A case identical in this respect is reported in *Hutchinson* v. *Supreme Tent,* 68 Hun, 355 (22 N. Y. Supp. 801), where the member in his application expressly agreed that the constitution of the insurance order should be a part of his contract, and the constitution provided that it might be amended, a subsequent amendment was held to be binding upon such member.

The case of *Becker* v. *Insurance Co., supra,* is clearly distinguishable from the instant case, because by the Becker policy his insurance was controlled only by the then existing charter and by-laws. Nowhere in the opinion is there any intimation to the contrary. Examination of the briefs and record filed in the *Becker Case* discloses that the insured

planted his right to recover on that ground; and on page seven of his brief he said "but by its (application's) terms, it clearly does not refer to future by-laws but to 'the by-laws made,' that is by-laws already made." Decision in the case was based on this ground. That being true, it is clear the defendant company could not change the terms of its contract with Becker, and he rightly recovered. In the *Becker Case,* as noted, there is not a word in the opinion of the court, and so far as we can find there was no provision in the application for insurance, in the policy issued, or in the existing charter or by-laws of the insurance company from which it could be inferred that Becker's policy was subject to alteration by subsequent modifications of the by-laws. In fact, Justice CAMPBELL planted his decision squarely on the ground that Becker's contract of insurance was one "where there is no agreement that it shall be subject to change."

In the instant case the subsequently adopted by-law was neither unreasonable nor illegal. It did not destroy or nullify any vested rights. Instead the new by-law only modified the insurance contract exactly in the manner provided by the terms of the contract. The importance of vesting mutual companies with power to thus modify their insurance contract is emphasized by consideration of the self-evident fact that the directors or managers of such companies are in duty bound to save the members from continuing to carry risks of a character that are sure to lead to disaster. Any other course invites receivership. The right to exercise this power has been considered and approved by us in numerous cases. *Wineland* v. *Maccabees, supra; Brown* v. *Great Camp K. O. T. M. M., supra; DeGraw* v. *Supreme Court, I. O. F., supra.*

The judgment entered in the circuit court should be set aside and the case remanded, with direction to enter judgment in favor of defendant. Costs to appellant.

BUTZEL, C. J., concurred with NORTH, J. POTTER, J., did not sit.