15381

BRANDT v. STANDARD MUT. LIFE ASS'N

(19 S. E. (2d), 105)

July, 1940.

*Messrs. Willcox, Hardee, Houck & Wallace,* of Florence, and *Mr. Edwin H. Cooper,* of Columbia, for appellants,

*Messrs. McEachin & Townsend,* of Florence, for respondent,

February 27, 1942.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The record in this case is remarkable for the fact that it does not contain the pleadings in the case, nor does it contain a statement of the facts and history of the case as required by Section 780 of the Code of Laws of South Carolina for 1932, and by Rule 4 of this Court.

The record contains this statement: "The Standard Mutual Life Association is a mutual protective assessment life insurance association organized and existing under the laws of South Carolina as provided in Sections 8073-8084 of the 1932 Code of Laws for South Carolina."

Respondent's attorney called to the attention of the Court the fact that the name of the appellant association had been changed to that of Standard Mutual Life Insurance Company, and it appears that at the time of this trial it was called Standard Mutual Life Insurance Company, and that it now writes only standard, regular, legal reserve policies, and not assessment policies. This is shown by reference to folio 50 of the Transcript of Record.

It further appears that on October 7, 1935, the Standard Mutual Life Association issued to George L. Brandt, its policy, No. 4760, by which the plaintiff in this action, Mrs. Emma H. S. Brandt, the wife of the insured, was made beneficiary. George L. Brandt died on March 19, 1940. The policy contained the following clause: "The policyholder agrees to pay Two ($2.00) Dollars per month as the required contribution for this protection on the first day of each month, and notice for this contribution shall be posted by the association to the last known address of the policyholder or draft mailed for such payment to bank designated by the policyholder; * * *."

The policy also contained the provision: " * * * and this whole policy shall be subject to the by-laws."

The Act of the General Assembly of South Carolina, Acts S. C., 1937, page 191, provides as follows in Section 4, page 193: "No association, society or corporation organized for the purpose of insuring its members shall issue any policy or contract of insurance specifying that the by-laws of such

society, association or corporation shall become a part of the contract or policy of insurance unless said by-laws are physically incorporated in the contract or policy of insurance: * * *."

It appears that the policy issued to George L. Brandt did not contain the by-laws of the association, nor was Brandt ever given a copy of them.

It appears that on March 18, 1935, prior to the issuance of the Brandt policy, Article 9 of the by-laws of the Standard Mutual Life Association was changed to read as follows: "A claim fund derived from the monthly contributions for this and all like contracts shall be created by placing not less than sixty (60%) per cent of such contributions, except the first four monthly contributions, in such fund, and such entire fund is pledged to the payments of claims arising hereunder, and no extra contributions will ever be demanded unless, and until said fund is entirely exhausted, but it is mutually understood and agreed that the Standard Mutual Life Association has the right to collect additional monthly contributions to protect this and all like policies and to liquidate this and all like contracts from the future premium income, said amount being paid to the beneficiary each month in their proportionate pro rata share."

It appears that notice of the extra assessment of $4.00 was mailed to the insured on January 19, 1940, and that notice of the regular monthly assessment of $2.00 was mailed to the insured on February 1, 1940. He paid the monthly assessment of $2.00, but declined to pay the extra assessment of $4.00. He died shortly thereafter, and his wife brought action as the beneficiary under the policy for the full amount thereof.

On the trial before the Honorable R. W. Sharkey, Judge of the Civil Court of Florence County, at the conclusion of the testimony, a motion was granted directing a verdict for the plaintiff. From that verdict this appeal comes.

There is but one exception, which is as follows: "1. His Honor, the presiding Judge, erred in holding that the policy

was in full force and effect at the time of the insured's death."

Counsel for the appellant, in their brief, elect to discuss this exception under two heads, as follows:

"(1) Does a Mutual Protective Assessment Association have the right to levy special assessment to pay death claims which cannot be paid from regular assessments?

"(2) Does the failure to pay a special death claim assessment, within the period allowed for payment of assessments, lapse the delinquent member's policy?"

We think this whole matter may be disposed of by the inquiry and the answer thereto: Was the insured's policy lapsed because he did not pay the extra assessment of $4.00 levied on January 19, 1940.

It is undisputed that the insured's policy did not contain the by-laws of the association, nor was he furnished a copy thereof. It does not appear that he was ever served with a copy of the by-laws authorizing this extra assessment, and it is undisputed that his regular assessment of $2.00 was paid in full time.

We think this whole matter is determined by the provision of the Act of the General Assembly, Acts S. C., 1937, page 191, hereinabove quoted.

In the case of *Roach v. Farmers' Mutual Insurance Association of Oconee County*, 102 S. C., 478, 86 S. E., 950, Mr. Justice Hydrick delivered the opinion of this Court. This is syllabus 4 of that opinion: "Under Civ. Code 1912, § 2777 [Section 8084 of the Code of 1932], providing that only such portions of the constitution and by-laws of mutual insurance associations shall be a part of the policy as shall be printed in the policy or mailed to insured, a by-law not printed in the policy nor mailed to insured is not binding on him."

Syllabus 5 of the same opinion reads: "The by-laws of a mutual insurance association forming a part of the contract between it and insured may not be so amended without the consent of insured as to affect the validity or terms

of the contract previously made, and a by-law presumptively applies only to policies to be subsequently issued, in the absence of anything to indicate that the by-law was made applicable to existing policies and was agreed to by all policy holders."

It seems to us clear that the double assessment of $4.00 attempted to be levied upon George L. Brandt under this policy was not binding upon him, and he did not, by his failure to pay it, forfeit his policy. It is undisputed that he paid, within time, the monthly levy of $2.00 which kept the policy in full force and effect.

There was no error on the part of the presiding Judge in directing a verdict for the plaintiff. Judgment affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES and CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE, concur.